# IN THE COURT OF APPEALS OF IOWA

No. 15-0135
Filed March 23, 2016

**STATE OF IOWA,**
          Plaintiff-Appellee,

**vs.**

**BRUCE WARREN KOHLMEYER JR.,**
          Defendant-Appellant.
_____


Appeal from the Iowa District Court for Black Hawk County, Bradley J. Harris, Judge.


Bruce Kohlmeyer Jr. appeals from his convictions for burglary in the third degree and possession of a firearm by a felon. **AFFIRMED.**


Mark C. Smith, State Appellate Defender, and Nan Jennisch, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee.


Considered by Danilson, C.J., and Vogel and Potterfield, JJ.

**DANILSON, Chief Judge.**

Bruce W. Kohlmeyer Jr. appeals the sentence imposed for his convictions for third-degree burglary, as an habitual offender, and possession of a firearm by a felon, as an habitual offender, in violation of Iowa Code sections 713.6A and 724.26 (2013). Kohlmeyer stipulated to being convicted of two prior felonies for purposes of the habitual-offender enhancement of his sentences. He contends his trial counsel rendered ineffective assistance in failing to challenge a defect in the habitual-offender proceeding by failing to file a motion in arrest of judgment. Because the record is inadequate to address Kohlmeyer's ineffective-assistance-of-counsel claim on direct appeal, we affirm his convictions and preserve his claim for possible postconviction-relief proceedings.

Kohlmeyer was charged by trial information on January 24, 2014, with burglary in the second degree, possession of a firearm by a felon, two charges of possession of a controlled substance, and trafficking in stolen weapons. Because he had two prior felony convictions, Kohlmeyer was also alleged to be an habitual offender and subject to sentence enhancement on the second-degree burglary, possession of a firearm by a felon, and trafficking in stolen weapons charges. As identified in the amended trial information, the two prior felonies included a conviction for second-degree theft in January 1996 and a conviction for conspiracy to manufacture methamphetamine in October 2000.

After a jury trial held August 8-11, 2014, Kohlmeyer was found guilty of third-degree burglary and possession of a firearm by a felon. In lieu of a trial

upon the prior convictions, Kohlmeyer then stipulated to the two prior felony convictions at a subsequent hearing held October 27, 2014.[1]

A sentencing hearing was held January 5, 2015, and Kohlmeyer was sentenced to a term of incarceration not to exceed fifteen years, with a minimum required sentence of three years before parole eligibility.

Kohlmeyer asserts the habitual-offender proceeding was deficient because the trial court failed to conduct an inquiry as to whether Kohlmeyer was represented by counsel or knowingly and voluntarily waived counsel at the time the prior felony convictions were entered. It is Kohlmeyer's contention that his trial counsel rendered ineffective assistance by failing to file a motion in arrest of judgment to object to the deficient proceeding.

We review claims of ineffective assistance of counsel de novo. *State v. Ondayog*, 722 N.W.2d 778, 783 (Iowa 2006). "To establish a claim of ineffective assistance of counsel, the defendant must prove by a preponderance of the evidence: (1) that trial counsel failed to perform an essential duty, and (2) that prejudice resulted from this failure." *State v. Fountain*, 786 N.W.2d 260, 265-66 (Iowa 2010). Both elements must be established. *State v. Graves*, 668 N.W.2d 860, 869 (Iowa 2003).

Trial counsel's breach of an essential duty is shown if "counsel makes such serious errors that he or she 'was not functioning as the counsel

---

[1] Pursuant to Iowa Rule of Criminal Procedure 2.19(9), where the trial information alleges a defendant is subject to sentence enhancement as an habitual offender,

> the offender shall have the opportunity in open court to affirm or deny that the offender is the person previously convicted, or that the offender was not represented by counsel and did not waive counsel. If the offender denies being the person previously convicted, sentence shall be postponed for such time as to permit a trial before a jury on the issue of the offender's identity with the person previously convicted.

guaranteed the defendant by the Sixth Amendment.'" *State v. Clay*, 824 N.W.2d 488, 495 (Iowa 2012) (citation omitted). However, there is a presumption trial counsel performed competently. *Id.* Additionally, in order "[t]o establish prejudice, a claimant must demonstrate 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009) (citation omitted).

Generally, "we preserve [ineffective-assistance] claims for postconviction proceedings, where an adequate record of the claim can be developed and the attorney charged with providing ineffective assistance may have an opportunity to respond to defendant's claims." *State v. Biddle*, 652 N.W.2d 191, 203 (Iowa 2002). Only in rare cases is the trial record sufficient to resolve an ineffective-assistance-of-counsel claim on direct appeal. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). Ineffective-assistance claims will be addressed on direct appeal "only if we determine the development of an additional factual record would not be helpful and [the] elements can be decided as a matter of law." *Carroll*, 767 N.W.2d at 641.

It is Kohlmeyer's contention that the habitual-offender proceeding was deficient because the trial court did not determine whether Kohlmeyer was represented or knowingly waived representation at the time the previous convictions were entered. However, the record fails to indicate Kohlmeyer was either unrepresented or did not knowingly waive counsel at the time of the prior felony convictions. The record is also insufficient to evaluate trial counsel's

knowledge of such facts or counsel's communication, if any, with Kohlmeyer regarding the issue.

Absent factual support in the record as to Kohlmeyer's representation during the prior convictions, we are unable to make a finding as to trial counsel's breach of an essential duty. *See Fountain*, 786 N.W.2d at 263 ("Counsel has no duty to raise an issue that has no merit."). Moreover, we are unable to discern whether prejudice resulted from the alleged breach of duty.

We therefore affirm Kohlmeyer's convictions and preserve the ineffective-assistance claim for possible postconviction-relief proceedings.

**AFFIRMED.**