# IN THE SUPREME COURT OF IOWA

No. 87 / 04-1247

Filed October 20, 2006

**STATE OF IOWA,**

Appellee,

vs.

**REYNOLD RAYNALDO ONDAYOG,**

Appellant.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Webster County, Gary L. McMinimee, Judge.

State seeks further review of court of appeals decision finding defendant received ineffective assistance of counsel. **COURT OF APPEALS DECISION VACATED; DISTRICT COURT JUDGMENT AFFIRMED.**

Linda Del Gallo, State Appellate Defender, and Nan Jennisch, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Ann E. Brenden, Assistant Attorney General, Timothy N. Schott, County Attorney, and Ricki Osborn and John Beaty, Assistant County Attorneys, for appellee.

**STREIT, Justice.**

Reynold Ondayog appeals from his conviction for assault with intent to commit sexual abuse causing bodily injury, a class "D" felony in violation of Iowa Code section 709.11 (2003). Ondayog contends his trial attorney rendered ineffective assistance of counsel by failing to object to the jury instruction which included this charge as a lesser-included offense to the charge of kidnapping in the first degree (resulting in sexual abuse). The court of appeals determined Ondayog's trial counsel provided ineffective assistance and reversed his conviction, vacated his judgment and sentence, and remanded the case back to the district court for a new trial. The court of appeals also concluded double jeopardy principles precluded retrial of the submitted greater offenses of first-degree kidnapping, third-degree kidnapping, and third-degree sexual abuse. Upon further review, we find Ondayog did not satisfy both elements of his ineffective assistance of counsel claim. We vacate the decision of the court of appeals, affirm the decision of the district court, and preserve Ondayog's ineffective assistance claim for postconviction relief proceedings.

## I. Facts and Prior Proceedings

The charges in this case arose from events that happened in Fort Dodge on the night of October 23, 2003. R.H., an eighteen-year-old college student, started the night drinking beer and vodka while driving around country roads with friends. Later, she went to a local bar called "Big Reds." She met Ondayog outside of the bar and asked him for a cigarette. She had never met Ondayog prior to this encounter. They spoke briefly, and Ondayog invited her to go back to his apartment to pick up something. She agreed and got into Ondayog's car. On the way

to the apartment, she rebuffed Ondayog's repeated sexual overtures. Once they reached Ondayog's apartment, she claims he unlocked the door and pushed her inside and onto the floor, scraping her knee in the process. She claims he forced her onto a mattress, removed her pants and underwear, and had sexual intercourse with her. After he was done, she ran back to Big Reds. Ondayog also returned to the bar.

R.H. told her friends what happened, and someone called the police. The police arrived and questioned Ondayog. He allowed the police to search both his car and his apartment. Police found R.H.'s underwear in his apartment.

R.H. was taken to the hospital for a physical and pelvic examination. The doctor observed an abrasion in the area between her vagina and rectum. The doctor opined the injury was fresh and could have been caused by some sort of penetration of the vagina. A DNA test did not reveal Ondayog's DNA on R.H., her clothing, or on his bed sheets. However, Ondayog's seminal fluid was found on his own pants. R.H.'s blood was also found on her own pants.

Ondayog was charged by trial information on December 4, 2003 with kidnapping in the first degree (resulting in sexual abuse), in violation of Iowa Code section 710.2 (2003), and sexual abuse in the third degree, in violation of Iowa Code section 709.4. The charge of third-degree sexual abuse was stricken from the trial information before trial per mutual agreement the third-degree sexual abuse charge was a lesser-included offense of first-degree kidnapping. At the conclusion of trial, the district court instructed the jury the charge of kidnapping in the first degree included the following six lesser offenses:

(1) Kidnapping in the third degree;

(2)  Sexual abuse in the third degree;

(3)  Assault with the intent to commit sexual abuse causing bodily injury;

(4)  Assault with the intent to commit sexual abuse not causing bodily injury;

(5)  False imprisonment; and

(6)  Assault.

Ondayog's trial counsel did not object to the court's instruction. The jury returned a verdict of guilty on the offense of assault with the intent to commit sexual abuse causing bodily injury.

After the verdict was entered, Ondayog's trial counsel, James Koll, made a motion for new trial based on the court's error in instructing the jury. He argued the crime of assault with the intent to commit sexual abuse causing injury was not a lesser-included offense of first-degree kidnapping and therefore the conviction was a "nullity." *See State v. Adcock*, 426 N.W.2d 639, 640 (Iowa Ct. App. 1998) (stating willful injury was not lesser-included offense of attempted murder and therefore conviction for willful injury was nullity because the indictment charged defendant with attempted murder but not with willful injury). In response to the State's argument he had not objected to the jury instructions, Koll indicated his failure to object to the jury instructions did not eliminate his grounds for a new trial. Citing Iowa Rule of Criminal Procedure 23.2 (now 2.24(2)), Koll argued the court must grant a new trial because the court had "misdirected the jury in a material matter of law." Koll argued this rule indicates an objection was not necessary when the court made the error. Finally, Koll stated, if the court did not grant his motion, then

it goes on appeal, the court rules that we failed to object and it will come right back to this Court on a PCR and say was there any prejudice. . . . So I think my client is entitled to have this conviction thrown out [because] he is entitled to that both on the grounds that the Court has misinstructed the jury and on the grounds he has not received a fair and impartial trial because of my mistake, if I did make one.[1]

The district court overruled the motion, stating Koll had not made a timely objection to the disputed jury instruction, and therefore, the instruction had become the law of the case. The court did not address the issue of whether Ondayog received ineffective assistance of counsel.

Rather than challenge the court's ruling on the motion for new trial, Ondayog frames this appeal as a claim of ineffective assistance of counsel.

## II. Scope of Review

We review ineffective-assistance-of-counsel claims de novo. *State v. Martin*, 704 N.W.2d 665, 668 (Iowa 2005).

## III. The Merits

Ondayog argues the crime for which he was convicted was improperly submitted to the jury as a lesser-included offense of the original charges of kidnapping in the first degree and sexual abuse in the third degree. He asserts his trial counsel rendered ineffective assistance by failing to timely object to the jury instruction that submitted this charge to the jury. We first analyze whether sexual abuse causing bodily injury is a lesser-included offense to kidnapping in the first degree, and

---

[1]Later, Koll went on to argue:

if you grant our Motion for New Trial, I think the State could charge him with the crime he has been found guilty of but was not charged with so it doesn't get my client out of this crime that he was convicted of. It just gives him an opportunity to contest that crime that he has not had the opportunity to in terms of the strategy that was designed in the trial to confront the charges that he was charged with.

then discuss the "law of the case" doctrine and Ondayog's ineffective-assistance claim.

### A. Lesser-Included Offenses

Iowa Rule of Criminal Procedure 2.22(3) allows the jury to find the defendant guilty of "any offense the commission of which is necessarily included in that with which the defendant is charged." To determine whether one crime is a lesser-included offense of another, we apply the impossibility test and look to the elements of the offenses in question. *State v. McNitt*, 451 N.W.2d 824, 825 (Iowa 1990). The impossibility test provides one offense is a lesser-included offense of the greater when the greater offense cannot be committed without also committing the lesser. *Id.* In the case at hand, the two greater offenses do not necessarily include bodily injury, which is an element of the assault for which Ondayog was convicted. *See* Iowa Code §§ 710.1-.2, 709.4(1), 709.11. This means the crime of assault with intent to commit sexual abuse causing bodily injury is not included in the greater offenses because the greater offenses of kidnapping in the first degree and sexual abuse in the third degree can be committed without also committing the lesser offense of assault with intent to commit sexual abuse causing bodily injury. *Cf. State v. Clarke*, 475 N.W.2d 193, 195–96 (Iowa 1991) (holding willful injury is not a lesser-included offense of attempted murder due to the distinguishing element of proof of serious injury, required for conviction of willful injury but not attempted murder). Therefore, assault with the intent to commit sexual abuse causing bodily injury does not qualify as a lesser-included offense of first-degree kidnapping (with the "subjected to sexual abuse" alternative).

### B.  Law of the Case

The State argues the jury instructions in this case are unassailable on appeal because they have become the "law of the case." *See State v. Taggart*, 430 N.W.2d 423, 425 (Iowa 1988) (stating "[f]ailure to timely object to an instruction not only waives the right to assert error on appeal, but also 'the instruction, right or wrong, becomes the law of the case'" (citation omitted)).  We disagree.  In *Taggart*, the case upon which the State relies for its "law of the case" doctrine, the defendant did not argue he was denied effective assistance of counsel.  *See id.* at 424. Therefore, when we rejected his claim for lack of error preservation we did not go further to decide whether he had received ineffective assistance.

This case comes before us as an ineffective-assistance-of-counsel claim.  Ineffective-assistance-of-counsel claims are not bound by traditional error-preservation rules.  *See State v. Lucas*, 323 N.W.2d 228, 232 (Iowa 1982) (stating the claim of ineffective assistance of counsel is an exception to the general rule of error preservation).  Such claims are an exception to normal error-preservation rules and the "law of the case" doctrine.  *See State v. Callender*, 444 N.W.2d 768, 772 (Iowa Ct. App. 1989) (analyzing ineffective-assistance-of-counsel claim that addressed trial counsel's failure to timely object to a jury instruction).

### C.  Ineffective Assistance of Counsel

The right to assistance of counsel, under the Sixth Amendment to the United States Constitution and article I, section 10 of the Iowa Constitution, guarantees "effective" assistance of counsel.  *Powell v.*

*Alabama*, 287 U.S. 45, 71, 53 S. Ct. 55, 65, 77 L. Ed. 158, 172 (1932); *State v. Kinkead*, 570 N.W.2d 97, 103 (Iowa 1997). To prove a claim of ineffective assistance of counsel, Ondayog must show by a preponderance of the evidence that his trial counsel failed to perform an essential duty and prejudice resulted. *Martin*, 704 N.W.2d at 669; *accord Rompilla v. Beard*, ___ U.S. ___, ___, 125 S. Ct. 2456, 2462, 162 L. Ed. 2d 360, 377 (2005) ("Ineffective assistance . . . is deficient performance by counsel resulting in prejudice . . . ."). Ondayog's ineffective-assistance claim fails if he is unable to prove either element of this test. *State v. Cook*, 565 N.W.2d 611, 614 (Iowa 1997).

## 1. Prejudice

The resulting prejudice element of an ineffective assistance claim is satisfied if a reasonable probability exists that, "'but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Martin*, 704 N.W.2d at 669 (quoting *Strickland v. Washington*, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068, 80 L. Ed. 2d 674, 698 (1984)). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068, 80 L. Ed. 2d at 698. Ondayog asks us to presume prejudice because he was convicted of a crime for which he was not charged. We need not do so because the facts themselves provide enough evidence to find prejudice in this case.

The jury instructions set forth a cascade of criminal offenses, beginning with the crime of kidnapping in the first degree. The last sentence of the kidnapping in the first degree instruction states:

> If the State has failed to prove any one of the elements [of this charge], the defendant is not guilty of Kidnapping in the First Degree and you will then consider the charge of

Kidnapping in the Third Degree explained in [a subsequent instruction].

The instruction pertaining to kidnapping in the third degree contains a similar statement referring the jury to the charge of sexual abuse in the third degree. The instruction pertaining to sexual abuse in the third degree contains a similar statement referring the jury to the charge of assault with intent to commit sexual abuse causing bodily injury. This instruction directs the jury to the next lower offense, assault with the intent to commit sexual abuse not causing bodily injury. Presumably, the jury crossed off each instruction one at a time, in order, until it settled upon a crime for which all members agreed the elements were satisfied.[2] If the jury had not been presented with this nonlesser-included offense, then it would likely have settled upon the next available alternative—assault with intent to commit sexual abuse (not causing bodily injury). Since this crime is only an aggravated misdemeanor, Ondayog's trial counsel's alleged error may have been the difference between a felony and a misdemeanor conviction.

This is clear proof, had his attorney objected to the inclusion of the crime of sexual abuse causing bodily injury, the result of the proceeding would have been different.

**2. Did Trial Counsel Breach an Essential Duty?**

We presume performance of counsel falls within a range of reasonable professional assistance. *State v. Hepperle*, 530 N.W.2d 735, 739 (Iowa 1995). Ondayog has the burden to rebut this presumption with evidence his trial counsel's "representation fell below an objective

---

[2]A jury is presumed to follow the instructions of the court. *State v. Proctor*, 585 N.W.2d 841, 845 (Iowa 1998); *State v. Anderson*, 209 Iowa 510, 517, 228 N.W. 353, 356 (Iowa 1929). There is no evidence indicating the jury did not follow the court's instructions in this case.

standard of reasonableness." *Strickland*, 466 U.S. at 688, 104 S. Ct. at 2064, 80 L. Ed. 2d at 693.

Because timely objection to jury instructions in criminal proceedings is necessary to preserve alleged error for appellate review, *State v. Jeffries*, 430 N.W.2d 728, 737 (Iowa 1988), Ondayog argues his counsel breached an essential duty by not objecting to the improper jury instructions at the time of trial. Indeed, we have previously held the failure to recognize an erroneous instruction and preserve error breaches an essential duty. *See State v. Hopkins*, 576 N.W.2d 374, 379-80 (Iowa 1998). The question becomes whether there was a tactical reason for not objecting to the instruction. *See State v. Graves*, 668 N.W.2d 860, 881-82 (Iowa 2003) (concluding trial counsel breached an essential duty by failing to object to the county attorney's questions and argument and in failing to request a mistrial because there was no tactical reason for not objecting). Courts generally presume counsel is competent and a "defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *State v. Wissing*, 528 N.W.2d 561, 564 (Iowa 1995) (quoting *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065, 80 L. Ed. 2d at 694–95).

Moreover, we must evaluate trial counsel's actions from the perspective of when the decision was made—during the course of trial. *See Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065, 80 L. Ed. 2d at 694, ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."). Viewed from this angle, it appears Ondayog's trial counsel's failure to object to the

erroneous jury instruction could be deemed trial strategy. Ondayog was charged with kidnapping in the first degree, a Class "A" felony. Iowa Code § 710.2. If convicted of this crime, he would have been sentenced to mandatory life imprisonment. *Id.* § 902.1. As proper lesser-included offenses, Ondayog could have been convicted of kidnapping in the third degree, or sexual abuse in the third degree, both class "C" felonies. *See id.* §§ 709.4, 710.4. Class "C" felonies carry a maximum indeterminate sentence of ten years and a maximum fine of $10,000. *Id.* § 902.9. Trial counsel representing a defendant in such a situation might purposely allow the jury to be instructed on the lesser offense of assault with intent to commit sexual abuse causing bodily injury because this crime is only a class "D" felony, punishable by a maximum indeterminate sentence of five years and a fine of $7500. *Id.* §§ 709.11, 902.9. By instructing on this lesser crime, trial counsel would give the jury the opportunity to forego the three higher offenses. If this was the strategy, it was successful.

This case illustrates why we rarely address ineffective-assistance claims on direct appeal and instead preserve such claims for postconviction relief. *State v. Tate*, 710 N.W.2d 237, 240 (Iowa 2006). Because "[i]mprovident trial strategy, miscalculated tactics, and mistakes in judgment do not necessarily amount to ineffective assistance of counsel," *State v. McKettrick*, 480 N.W.2d 52, 55 (Iowa 1992), postconviction proceedings are often necessary to discern the difference between improvident trial strategy and ineffective assistance.

> The fact that a particular decision was made for tactical reasons does not, however, automatically immunize the decision from a Sixth Amendment challenge. That decision must still satisfy the ultimate test: "whether under the entire

record and totality of circumstances" counsel performed competently.

*Graves*, 668 N.W.2d at 881 (citations omitted). Nonetheless, we do not delve into trial tactics and strategy "when they do not clearly appear to have been misguided." *State v. Couser*, 567 N.W.2d 657, 659 (Iowa 1997). In other words, "we will not reverse where counsel has made a reasonable decision concerning trial tactics and strategy, even if such judgments ultimately fail." *Brewer v. State*, 444 N.W.2d 77, 83 (Iowa 1989); *see also Taylor v. State*, 352 N.W.2d 683, 685 (Iowa 1984) ("we require more than a showing that trial strategy backfired or that another attorney would have prepared and tried the case somewhat differently").

Since a counsel's "mistake in judgment" is rarely grounds for ineffective assistance, we cannot automatically assume every alleged misstep was a reasonable strategy simply because some lawyer, somewhere, somehow, under some circumstances at some time would have done such a thing. In *Strickland*, the United States Supreme Court conceded "[r]epresentation is an art, and an act or omission that is unprofessional in one case may be sound or even brilliant in another." *Strickland*, 466 U.S. at 693, 104 S. Ct. at 2067, 80 L. Ed. 2d at 697. Thus, a reviewing court must determine whether a reasonably competent attorney would have failed to object to the erroneous jury instruction under the given circumstances. *Id.* at 688, 104 S. Ct. at 2065, 80 L. Ed. 2d at 694 ("The proper measure of attorney performance remains simply reasonableness under prevailing professional norms.").

Ondayog contends postconviction proceedings are not necessary in this case because his trial counsel admitted he *may* have made a

mistake.[3] Ondayog contends these statements indicate his trial counsel did make a mistake, and therefore violated an essential duty.

Standing alone, Ondayog's trial counsel's statements are not enough to rebut the presumption that performance of counsel falls within a range of reasonable professional assistance. *See Strickland*, 466 U.S. at 688, 104 S. Ct. at 2064, 80 L. Ed. 2d at 693 (stating "the defendant must show that counsel's representation fell below an *objective* standard of reasonableness" (emphasis added)). This issue is preserved for postconviction proceedings where the record can be more fully developed. If Ondayog desires, his trial counsel may testify in order to more fully explain his actions. *See, e.g.*, *State v. Peck*, 539 N.W.2d 170, 175 (Iowa 1995) (finding the record incomplete with respect to ineffective-assistance issues and preserving for postconviction proceedings determination of whether defense counsel's failure to request lesser included offense instructions was part of an "all or nothing" strategy); *Wycoff v. State*, 382 N.W.2d 462, 472 (Iowa 1986) (after reviewing trial counsel's testimony at the postconviction trial, concluding counsel's failure to request an alibi instruction was based on his general strategy of attempting to disprove the State's evidence by showing the

---

[3]During the motion for a new trial, Ondayog's trial counsel said the following:

> Your Honor, after the jury verdict in this case, I tried to analyze why the jury came to this conclusion and . . . . *I think I made a mistake.* I think the jury found my client guilty of something he wasn't charged with. . . . Now I know the State will probably argue I think in their brief we waived that argument . . . . If that's correct, *if* I made a mistake by failing to object that instruction . . . . *[i]f* I made a mistake in not correcting the Court's error, then that is still grounds for new trial, Judge. . . . Whether it's my mistake and I failed to object . . . —he is entitled to [a new trial] both on the grounds that the Court has misinstructed the jury and on the grounds that he has not received a fair and impartial trial because of my mistake, *if I did make one.*

(Emphasis added.)

unlikelihood that Wycoff, although present, murdered the victim); *State v. Wilkens*, 346 N.W.2d 16, 18 (Iowa 1984) (after reviewing trial counsel's testimony at the hearing on the motion for a new trial, concluding trial counsel's tactical decision to concentrate on self defense rather than diminished capacity "made sense"). Ultimately though, the district court must determine whether trial counsel's omission was reasonable under "prevailing professional norms," *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001) (quoting *Strickland*, 466 U.S. at 688, 104 S. Ct. at 2065, 80 L. Ed. 2d at 694); that is the court must apply "an objective standard of reasonableness." *Strickland*, 466 U.S. at 688, 104 S. Ct. at 2064, 80 L. Ed. 2d at 693.

### IV. Conclusion

Ondayog has failed to establish his claim of ineffective assistance of counsel. The decision of the district court is affirmed, and we preserve Ondayog's ineffective assistance claim for postconviction relief proceedings.

**COURT OF APPEALS DECISION VACATED; DISTRICT COURT JUDGMENT AFFIRMED.**

All justices concur except Hecht, J., who takes no part.