# IN THE COURT OF APPEALS OF IOWA

No. 14-0650
Filed February 25, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**LUKAS LAWRENCE PITZER,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Clayton County, Margaret L. Lingreen, Judge.

A defendant appeals his guilty plea to two charges of delivery of five grams or less of methamphetamine. **AFFIRMED.**

Richard J. Bennett Sr. of Bennett Law Office, Des Moines, for appellant.

Thomas J. Miller, Attorney General, Darrel Mullins, Assistant Attorney General, and Alan Heavens, County Attorney, for appellee.

Considered by Vogel, P.J., McDonald, J., and Goodhue, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**GOODHUE, S.J.**

On April 14, 2014, Lukas Lawrence Pitzer pled guilty to two charges of delivery of five grams or less of methamphetamine. He has appealed contending alternatively that the court should not have accepted the plea or that his counsel was ineffective for allowing him to plead guilty because his medication adversely affected his decision making. He contends that the plea was not entered voluntarily and intelligently and requests that it be set aside and he be allowed to replead.

## I. Background Facts

Pitzer had three counts of delivery of five grams or less of methamphetamine pending against him in Clayton County based on events that had taken place on October 31, November 27, and November 28, 2012. Pitzer was incarcerated in Wisconsin, but he was brought back to Iowa to address the Clayton County charges. A plea agreement was reached that provided he enter pleas of guilty to two of the three charges with the third to be dismissed. He was then to be sentenced to two ten-year terms, both of which were to run concurrent with the charge in Wisconsin. He was also to be given credit for the time served on the Wisconsin charge.

The guilty pleas were entered and accepted. Pitzer waived time for sentencing and filing a motion in arrest of judgment, and asked for immediate sentencing. He was sentenced pursuant to the plea agreement.

During the plea colloquy, Pitzer indicated he was under the care of a physician in the Wisconsin prison system for treatment of a seizure he had suffered, depression, and anxiety. He testified he normally took Prozac and

hydroxyzine three times per day and had taken his last dose at 8:00 a.m. that morning.[1] He indicated the medication affected his ability to comprehend, in that it made it hard for him to concentrate, but "I get it. It just takes a little longer." He further stated, "I think I understand what's being imposed." The court had discussed the plea agreement with counsel prior to the above comments and when asked if he understood, Pitzer responded, "I believe so. Yes." He was further asked if he was comfortable going ahead, and Pitzer replied "yes." Pitzer responded to all questions in the colloquy with no indication he had any trouble hearing or understanding. He did need to look at the trial information to refresh his memory to establish the factual basis of the charges. He provided a detailed chronology of events as to the second charge, which involved questions of his participation as a principal, aider and abettor, or as an accessory after the fact. Pitzer intelligently discussed what happened and his involvement, and ultimately entered a plea of guilty by use of an *Alford* plea proceeding.

## II. Scope of Review

A challenge to a plea of guilty is generally reviewed for errors of law, but to the extent it involves a claim of ineffective assistance of counsel, it is reviewed de novo. *State v. Tate*, 710 N.W.2d 237, 239 (Iowa 2006).

## III. Error Preservation

Failure to move for an arrest of judgment bars direct appeal of a guilty plea. *State v. Lucas*, 323 N.W.2d 228, 232-33 (Iowa 1982). Pitzer filed no motion in arrest of judgment. A claim of ineffective assistance of counsel is an

---

[1] Pitzer was also prescribed doxepin, but because the jail did not have any in stock, he had not taken any.

exception to the usual requisites of error preservation. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006).

## IV. Discussion

### A. The Court's Acceptance of the Guilty Plea

Pitzer first contends the court erred in accepting his guilty plea because he was unable to knowingly and voluntarily enter it. There is no contention that Pitzer was incompetent, as was the case in *Lucas*. 323 N.W.2d at 233. Pitzer commented that the drugs he had taken slowed down his ability to respond. He also said he was comfortable to proceed. He responded to each question asked and explained in some detail what happened that resulted in the charge to which he pled guilty. There was very little to alert the court that Pitzer did not comprehend the proceeding or that his plea was not knowingly and intelligently entered. Error was not preserved, and the court did not commit error in accepting the plea.

### B. Ineffective Assistance of Counsel In Allowing the Plea of Guilty to be Entered

Pitzer alternatively contends his counsel was ineffective in failing to object to the guilty plea. Ineffective assistance of counsel requires the claimant to establish that counsel failed to perform an essential duty and that failure resulted in prejudice. *State v. Ondayog*, 722 N.W.2d 778, 785 (Iowa 2006). Pitzer is relying solely on the record made of the guilty plea and sentencing colloquy. Outside of the comment that the medication slowed his ability to comprehend, there is little to no support of the allegation that the plea was not made knowingly and intelligently.

Generally in the context of an attack on a plea of guilty to establish prejudice, the claimant must establish that but for counsel's error, he would not have pled guilty but instead would have elected to stand trial. *State v. Carroll*, 767 N.W2d 638, 644 (Iowa 2009). It is difficult to contemplate a more favorable plea agreement than what Pitzer received other than outright dismissal. Pitzer has never asserted that he wants his plea set aside so he can go to trial. However, he has had no opportunity to make a record of such an assertion.

Pitzer has requested his claim of ineffective assistance of counsel be preserved for postconviction relief. There is a preference for preserving such a claim for postconviction relief. *Tate*, 710 N.W.2d at 240. Whenever the record is adequate, the court may decide the claim on direct appeal. *Id.*

Pitzer's request to preserve the claim of ineffective assistance of counsel was made to enable him to fully develop the record in a postconviction action. Pitzer has a right independent of the plea colloquy to establish the effect of his medication on his ability to make an intelligent plea and his counsel's knowledge of its impact, as well as the right to make a record of his desire to go to trial if that, in fact, is his desire. In that sense, the record before the court is inadequate. As in *Tate*, all that is available in the record is the transcript of the plea and the sentencing proceedings. *See id.* It is insufficient to establish ineffective assistance of counsel or that Pizter did not enter a knowing and intelligent plea. To the extent that a collateral attack can be made based on an ineffective assistance of counsel claim on a more complete record, the issue of

ineffective-assistance-of-counsel is preserved for a postconviction-relief proceeding.

**AFFIRMED.**