# IN THE COURT OF APPEALS OF IOWA

No. 14-1714
Filed March 9, 2016

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**NICHOLAS DAVID CLAUSI,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Eliza J. Ovrom, Judge.

Nicholas David Clausi appeals his convictions, following guilty pleas, to two counts of burglary in the second degree. **AFFIRMED.**

Eric W. Manning of Manning Law Office, P.L.L.C., Urbandale, for appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., Vogel, J., and Eisenhauer, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**DANILSON, Chief Judge.**

Nicholas David Clausi appeals his convictions, following guilty pleas, to two counts of burglary in the second degree, in violation of Iowa Code sections 713.1 and 713.5 (2011).[1] Clausi contends that defense counsel rendered ineffective assistance. We affirm Clausi's convictions and preserve his ineffective-assistance claim for a possible postconviction proceeding.

Clausi was originally charged with several counts, including second-degree burglary, theft, and possession of a controlled substance. Under the terms of an intensive supervision court plea agreement,[2] Clausi agreed that "[a]t completion of [the] program, Def[endant] will plead . . . for a total of 20 years, SS[3] if successful, prison if unsuccessful." Clausi's ineffective-assistance-of-counsel claim arises from a combined plea and sentencing hearing held on October 2, 2014, following his revocation from Intensive Supervision Drug Court on August 1, 2014. Clausi asserts that defense counsel failed to advise him of his ability to challenge the revocation, and in doing so rendered ineffective assistance of counsel.

"The right to assistance of counsel under the Sixth Amendment to the United States Constitution and article I, section 10 of the Iowa Constitution is the right to 'effective' assistance of counsel." *State v. Fountain*, 786 N.W.2d 260, 265 (Iowa 2010). We review claims of ineffective assistance of counsel de novo.

---

[1] Clausi's appeal is taken from Polk County case numbers FECR253345 and FECR253470, filed in March 2012, and involves a total of five counts. In each case, Clausi entered a guilty plea to one count of burglary in the second degree.

[2] *See* Iowa Code § 124.401E (providing the court with ability under certain circumstances to suspend a sentence and order a person to complete a drug court program).

[3] We assume "SS" means suspended sentence.

*State v. Ondayog*, 722 N.W.2d 778, 783 (Iowa 2006). "To establish a claim of ineffective assistance of counsel, the defendant must prove by a preponderance of the evidence: (1) that trial counsel failed to perform an essential duty, and (2) that prejudice resulted from this failure." *Fountain*, 786 N.W.2d at 265-66. In order to be successful, the defendant must prove both elements. *State v. Graves*, 668 N.W.2d 860, 869 (Iowa 2003).

Ineffective-assistance claims are rarely addressed on direct appeal. *Ondayog*, 722 N.W.2d at 786. "Generally, ineffective-assistance claims are preserved for postconviction relief proceedings to afford the defendant an evidentiary hearing and thereby permit the development of a more complete record." *State v. Reynolds*, 670 N.W.2d 405, 411 (Iowa 2003). Resolution of a claim on direct appeal is only proper when the record is adequate. *State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012).

Clausi claims that if defense counsel had informed him of options to challenge his revocation from Intensive Supervision Drug Court, he would not have so readily entered his guilty pleas at the October 2, 2014 hearing. However, the record does not provide any information as to what advice counsel gave or failed to give after Clausi had been revoked from the drug court program. Moreover, the State notes that while Clausi asserts that there may have been avenues available to him to challenge or appeal the revocation of his intensive supervision under the drug court program, the record does not contain any evidence of the existence or nonexistence of such procedural options. The record in this matter is insufficient to evaluate whether defense counsel's performance fell below the "'objective standard of reasonableness,' 'under

prevailing professional norms.'" *Id.* at 495 (citations omitted). We therefore, preserve the ineffectiveness claim for possible postconviction-relief proceedings. *See id.* at 494 ("We ordinarily preserve such claims for postconviction relief proceedings.").

**AFFIRMED.**