# IN THE COURT OF APPEALS OF IOWA

No. 15-0317
Filed April 27, 2016

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JAMAL JAMES CLARK,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Mahaska County, Lucy J. Gamon, Judge.

A criminal defendant appeals his convictions for delivery of marijuana and possession of marijuana with intent to deliver. **AFFIRMED.**

Steven E. Goodlow, Albia, for appellant.

Thomas J. Miller, Attorney General, and Kevin Cmelik, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Vogel and Potterfield, JJ.

**POTTERFIELD, Judge.**

Jamal James Clark appeals his convictions for delivery of marijuana and possession of marijuana with intent to deliver. Specifically, he argues his Fourth Amendment rights were violated because the evidence used by the State to secure his convictions was obtained with a search warrant that was not supported by probable cause. He also argues his counsel was ineffective. We find Clark did not preserve his Fourth Amendment argument for appellate review and the record is not adequate to decide his ineffective-assistance claim on direct appeal. We therefore affirm.

## I. Background Facts and Proceedings

On October 2, 2013, Oskaloosa Police Officer Justin Rice accompanied an Iowa Department of Human Services (DHS) worker to a second-floor apartment in a multi-unit building. The DHS worker was investigating an allegation that drugs were being used in the apartment with children present, and Officer Rice was assisting by ensuring the worker's safety. The door to the second-floor apartment was located inside of a shared stairwell. While the DHS worker stood at the doorway to the second-floor apartment and spoke with the resident who answered the door, Officer Rice waited on the stairs behind her.

As Officer Rice waited on the stairs, he saw a man enter the building and knock on the door to the first-floor apartment. Officer Rice then heard a response from inside the first-floor unit and watched the man go inside. Officer Rice recognized the man from prior involvement with the police. A couple of minutes later, after the DHS worker was finished speaking with the resident of the second-floor apartment, Officer Rice descended the stairs and passed by the

first-floor apartment on his way out of the building. As he did so, he noticed a strong and distinct odor of burnt marijuana emanating from the first-floor apartment.

Based upon his experience with narcotics investigations, Officer Rice opted to leave the building and obtain a search warrant for the first-floor apartment. The search warrant was approved by a judge and executed a couple of days later. Clark and one other man were present in the apartment when the search warrant was executed. Based upon a number of items found in the apartment during the execution of the search warrant—more than $2000 cash, receipts documenting a $1300 bank deposit and $1825 money transfer, two large vacuum-sealed bags and other packaging consistent with marijuana sales, marijuana residue inside the bags and in other locations, multiple cell phones, and envelopes with handwritten notations which appeared to be records of drug sales—Clark was charged with one count of delivery of marijuana and one count of possession of marijuana with intent to deliver. The other man present was not charged.

Clark's case proceeded to trial on August 12, 2014. A jury found Clark guilty of both crimes on August 13, 2014. On February 2, 2015, Clark was sentenced to a term of imprisonment not to exceed five years. The sentence was suspended, and he was placed on probation.

Clark now appeals.

## II. Standard of Review

We review claims that the district court failed to suppress evidence obtained in violation of the Federal and Iowa Constitutions de novo. *State v.*

*Short*, 851 N.W.2d 474, 478 (Iowa 2014). We also review claims of ineffective assistance of counsel de novo but only after we determine that the record is adequate to decide the claim on direct appeal. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006).

### III. Analysis

#### A. Warrant Not Based Upon Probable Cause

Clark first argues his Fourth Amendment rights were violated when his apartment was searched using a warrant unsupported by probable cause.[1] According to Clark, the facts used to secure the search warrant—Officer Rice saw a man enter the first-floor apartment and then smelled burnt marijuana— were insufficient to supply probable cause for the proposition drugs were being sold out of the unit.

Clark has not preserved his argument by first raising it before the district court below. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal."). In this case, Clark should have raised his argument before the district court prior to his criminal trial as a motion to suppress evidence. *See* Iowa Rs. Crim. P. 2.12(1)(d) (listing as one ground for a motion to suppress evidence the allegation "[t]here was not probable cause for believing the existence of the grounds on which the warrant was issued"), 2.11(2)(c) (listing "[m]otions to suppress

---

[1] The heading of this section of Clark's brief suggests he is also making a second argument that his conviction is not supported by the evidence. However, Clark has provided no actual discussion or authority for this second argument; so we do not consider it. *See* Iowa R. App. P. 6.903(2)(g)(3).

evidence on the ground that it was illegally obtained including, but not limited to, motions on any ground listed in rule 2.12" among those motions which "must be raised prior to trial"). Because he did not file a motion to suppress evidence in anticipation of his criminal trial, he has not preserved error on this argument for appellate review.

**B. Ineffective Assistance of Counsel**

Second, Clark argues his counsel was constitutionally ineffective for failing to "object to constitutional issues or question the authenticity of the prosecution's exhibits presented throughout the prosecution's case in chief." He stresses that his ineffective-assistance-of-counsel claim "arises from the failure of his attorney to object to multiple constitutional issues that arose during the presentation of evidence at trial. These issues occurred in regard to the Fourth Amendment grounds upon which the evidence was obtained."

In order to prevail on his claim of ineffective assistance of counsel, Clark must establish both that "(1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice." *Straw*, 709 N.W. 2d at 133 (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)). Both elements must be proved by a preponderance of the evidence. *Id.* With respect to the first prong, "we begin with the presumption that the attorney performed competently" and "avoid second-guessing and hindsight." *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001). Attorney action (or inaction) caused by improvident trial strategy, miscalculated tactics, or mistakes in judgment does not necessarily amount to ineffective assistance of counsel. *See State v. Ondayog*, 722 N.W.2d 778, 786 (Iowa 2006). Furthermore, because tactical decisions by counsel must be judged

within the context of the totality of the circumstances on a case-by-case basis, it is often necessary to preserve such allegations for postconviction proceedings so that the record can be more fully developed. *Id.*; *see also* Iowa Code § 814.7(3) (2013) ("If an ineffective assistance of counsel claim is raised on direct appeal from the criminal proceedings, the court may decide the record is adequate to decide the claim or may choose to preserve the claim for [postconviction proceedings].").

We find the record before us is not sufficient to address Clark's claim of ineffective assistance of counsel. We do not have the disputed search warrant nor the application presented to the court in the record before us. We also do not have the benefit of any testimony or evidence as to why Clark's attorney neither filed a motion to suppress evidence in anticipation of trial nor objected to the evidence when it was presented at trial. We preserve the claim for postconviction proceedings so that the search warrant materials may be made a part of the record and Clark's attorney may be given the opportunity to explain himself.

**AFFIRMED.**