# IN THE COURT OF APPEALS OF IOWA

No. 15-0018
Filed June 29, 2016

**TERENCE DEVELL SLATER,**
     Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
     Respondent-Appellee.
_____

     Appeal from the Iowa District Court for Scott County, Henry W. Latham II,

Judge.

     Terence Slater appeals the district court's dismissal of his application for

postconviction relief.  **AFFIRMED.**

     Thomas J. O'Flaherty of O'Flaherty Law Firm, Bettendorf, for appellant.

     Thomas J. Miller, Attorney General, and Matha E. Trout, Assistant

Attorney General, for appellee State.

     Considered by Vogel, P.J., Bower, J., and Eisenhauer, S.J.

     *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**EISENHAUER, Senior Judge.**

Terence Slater appeals a ruling from the district court denying him postconviction relief. He argues his trial counsel was ineffective for failing to seek a continuance to examine surveillance videotapes. On appeal, he additionally argues his postconviction counsel was ineffective for failing to call his trial counsel to testify at the hearing on his application for postconviction relief.

Slater was charged with first-degree robbery and possession of an offensive weapon following an incident that took place early in the morning of January 24, 2010. Two women left a bar, Jack's Locust Street Tap, and got into a parked car. Two men then approached the car with a third man visible as a lookout. A police officer observing the scene heard a pinging noise of something tapping the car's window. The officer believed the pinging noise came from a gun and that he was observing the early stages of a robbery. The officer called dispatch for backup and approached the scene. He called out to the men to put their hands up. Two of the men ran, but the third, Slater, surrendered and was handcuffed.

Slater argued at trial and maintains now that the officer did not observe a robbery but rather observed a drug deal. Slater testified he knew one of the women in the vehicle and intended to sell her ecstasy. He testified the pinging noise the officer heard would have been of his long fingernails tapping on the car window.

Slater was convicted of first-degree robbery and possession of an offensive weapon following a jury trial. His convictions and sentences were

affirmed on direct appeal. *See State v. Slater*, No. 10-1593, 2011 WL 3925727, at *7 (Iowa Ct. App. Sept. 8, 2011).

There was testimony at trial about surveillance footage from several businesses. A detective testified cameras in a Dollar General store only shot footage inside the store. Cameras at an Iron Mart store were not functioning. Footage from a Sav-A-Lot grocery store had been recorded over by the time police viewed it. The detective testified the surveillance footage from Jack's Locust Street Tap had no evidentiary value. No surveillance video has ever been produced to even suggest it has any worthwhile evidence. Slater contends his trial counsel's failure request a continuance in the middle of trial to view the footage from Jack's Locust Street Tap amounts to ineffective assistance of counsel.

We review claims of ineffective assistance of counsel de novo. *State v. Hopkins*, 860 N.W.2d 550, 554 (Iowa 2015). This is our standard because such claims have their basis in the Sixth Amendment to the United States Constitution. *State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012). In order to prevail on his claim, Slater must demonstrate by a preponderance of the evidence that (1) counsel failed to perform an essential duty and (2) prejudice resulted. *State v. Velez*, 829 N.W.2d 572, 576 (Iowa 2013). To establish prejudice, Slater must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See State v. McCoy*, 692 N.W.2d 6, 25 (Iowa 2005). A "reasonable probability is a probability sufficient to undermine confidence in the outcome of the case." *Id.* Slater's claim fails if either element is lacking. *See Everett v. State,* 789 N.W.2d 151, 159 (Iowa 2010). An

attorney's improvident trial strategy, miscalculated tactics, or mistakes in judgment do not necessarily amount to ineffective assistance of counsel. *State v. Ondayog*, 722 N.W.2d 778, 786 (Iowa 2006).

The claim of ineffective assistance of trial counsel fails because Slater cannot demonstrate prejudice. There is not a reasonable probability the surveillance footage would have changed the result of the proceeding. One of the women in the car testified Slater and his accomplices attempted to rob her with a "long barreled" gun. The police discovered a gun matching that description in two pieces on the floor of the car on the passenger side. Shotgun shells of the same caliber as that gun were found inside the lining of Slater's jacket. Slater cannot show, with a probability sufficient to undermine confidence in the case, that this footage would have changed the outcome of the case.

Slater argues his trial counsel's alleged ineffectiveness was "compounded" by a *Brady* violation. *See Brady v. Maryland*, 373 U.S. 83, 87 (1963). To establish a *Brady* violation, Slater must prove by a preponderance of the evidence the prosecution withheld evidence, the evidence was favorable to the defendant, and the evidence was material to the issue of guilt. *DeSimone v. State*, 803 N.W.2d 97, 103 (Iowa 2011). He contends the violation is the State's suppression of the surveillance footage. Not only is there no evidence the State withheld the footage, there is not even a suggestion it contained evidence favorable to Slater. Therefore, there has been no such violation.

Slater argues before us his counsel at the hearing on his application for postconviction relief was ineffective as well. Slater contends postconviction counsel was ineffective in failing to have trial counsel testify at the postconviction

hearing.  The prejudice prong is dispositive on this issue.  There is no reasonable probability the testimony of trial counsel would have changed the outcome of the case.  Slater also argues postconviction counsel failed to file a notice of appeal timely.  However, Slater himself filed a pro se notice of appeal well before the deadline to do so, and Slater's appeal is properly before us.  There was no prejudice to Slater in his counsel's failure to also file a timely notice of appeal.

Slater has not shown either of his counsel was ineffective.  Nor has he proved any *Brady* violation.  We therefore affirm.

**AFFIRMED.**