# IN THE COURT OF APPEALS OF IOWA

No. 15-1834
Filed November 9, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ETHAN ARON MILLER,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Cerro Gordo County, James M. Drew, Judge.


        Ethan Miller appeals after a jury found him guilty of first-degree arson, first-degree burglary, second-degree theft, and possession of marijuana. **CONVICTIONS AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH DIRECTIONS.**


        Mark C. Smith, State Appellate Defender, and Maria Ruhtenberg, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Kyle Hanson, Assistant Attorney General, for appellee.


        Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**DOYLE, Judge.**

Ethan Miller appeals after a jury found him guilty of first-degree arson, first-degree burglary, second-degree theft, and possession of marijuana. He argues there is insufficient evidence to prove he committed crimes stemming from a fire at his employer's place of business. In a pro se brief, Miller argues the prosecutor engaged in misconduct. Upon our review, we reverse Miller's first-degree-burglary conviction and remand the case to the district court for entry of judgment on the lesser-included offense of second-degree burglary. We affirm in all other respects.

## I. Background Facts and Proceedings.

A fire was intentionally set in a Mason City Subway store during the early morning hours of December 29, 2014. In addition to more than half a million dollars in damage to the business caused by the fire, approximately $1700 was discovered missing from the store's safe. Because there was no evidence that the safe had been pried open, the investigation immediately focused on those who had access to it. Eventually, the State charged Miller, a Subway employee, in connection with the crimes, and a jury found Miller guilty as charged. Miller now appeals.

## II. Sufficiency of the Evidence.

We review challenges to the sufficiency of the evidence supporting a verdict for correction of errors at law. *See State v. Schlitter*, 881 N.W.2d 380, 388 (Iowa 2016). In doing so, we view all of the record evidence in the light most favorable to the State and draw all reasonable inferences in the State's favor. *See State v. Howse*, 875 N.W.2d 684, 688 (Iowa 2016). If substantial evidence

supports the verdict, we will uphold it. *See id.* Evidence is substantial if it could conceivably lead a rational jury to find the defendant guilty beyond a reasonable doubt. *See id.* Evidence is not substantial if it only raises suspicion, speculation, or conjecture. *See id.*

**A. Identity.**

Miller challenges the sufficiency of the evidence showing he committed the acts that form the bases of his convictions. He argues the evidence showing that he was the person who entered the Subway store on December 29, took $1700 in cash from the safe, and set fire to the store is nothing more than speculation. We disagree.

The evidence presented at trial shows Miller learned the code to the Subway store's safe as part of his training to open the store after Subway hired him in November 2014. Miller learned how to close the store less than a week before the fire, and he closed it by himself for the first time on December 27. That night, Miller voided two sales and surveillance video shows that he took money from the register drawer and placed it in his pocket. Before leaving the store on December 27, Miller twice attempted to turn off the surveillance system before following its power cord to ascertain its power source.

The following night, Miller again closed the Subway store. The surveillance video captured Miller counting money on top of the safe in an apparent attempt to obscure the camera's view. The video also shows that after Miller set the security bar on the back door, he shut the store's lights off, returned to the back door to readjust the security bar, and disappeared into the shadows near the store's electrical breaker box.

At 3:30 a.m., hours after Miller closed the store, the surveillance video recorded a person entering the back door of the store before turning toward the breaker box. The security video ends a moment later when the power source was lost. The person seen entering the store at 3:30 a.m. appeared similar in size to Miller, who is six feet and one inch tall, while the other Subway employees who knew the safe's code were no taller than five feet and eight inches in height.

The evidence also shows that Miller had been experiencing financial difficulties in December 2014. Miller overdrew his account by more than $150 at one point that month. The day before the fire was set, his account balance was $20.89. While executing a search warrant, police officers discovered approximately $400 in small bills inside the center console of Miller's car and approximately $1700 in large bills inside a Clear Lake Bank Envelope hidden in the rafters of the basement near Miller's bedroom. Officers also smelled a "campfire smell" around Miller's bedroom and the laundry room.

While in jail after his arrest, Miller spoke to David Freie, another inmate, about the charges pending against him. Miller told Freie that he intentionally set the store's back door to allow him to easily regain entrance, shut off the power to the surveillance system after reentering later that night, and started a fire to destroy evidence of his theft from the safe. Miller also told Freie information that law enforcement had not yet discovered: that Miller had gone to his bank and exchanged the money he took from the safe, which had been in small denominations,[1] for larger denominations of currency. Following up on this information, law enforcement discovered that on December 31, Miller went to

---

[1] The Subway store did not accept currency in denominations larger than $20.

Clear Lake Bank and deposited a check, withdrew $408 in cash, and exchanged approximately $1000 in bills of small denominations for bills in larger denominations.

Although the Subway surveillance video did not clearly show the face of the intruder, the State presented circumstantial evidence of Miller's guilt. Our supreme court has made it clear that direct and circumstantial evidence are equally probative for purposes of proving a defendant's guilt beyond a reasonable doubt. *See State v. Bentley*, 757 N.W.2d 257, 262 (Iowa 2008). Here, the circumstantial evidence presented to the jury—and the inferences drawn from it—provide overwhelming evidence of Miller's guilt.

### B. Occupied Structure.

Miller also challenges the sufficiency of the evidence to support his conviction of first-degree burglary, arguing the store did not meet the definition of an occupied structure as charged. Because his trial counsel did not raise this issue in a motion for judgment of acquittal, *see State v. Ross,* 845 N.W.2d 692, 700 (Iowa 2014) ("Trial counsel is required to make a specific objection in his or her motion for judgment of acquittal in order to preserve error."), Miller presents his argument under the ineffective-assistance-of-counsel rubric, *see State v. Ondayog*, 722 N.W.2d 778, 784 (Iowa 2006) (noting that ineffective assistance of counsel claims are an exception to the general rule of error preservation). To prevail on a claim of ineffective assistance of counsel, Miller must show his trial counsel failed to perform an essential duty and that he was prejudiced by this failure. *See State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008).

Burglary occurs when a person enters an occupied structure without the right to do so and with the intent to commit a felony. *See* Iowa Code § 713.1 (2013). In order to be first-degree burglary, the burglary must occur "in or upon an occupied structure in which one or more persons are present." *Id.* § 713.3(1). Here, there was no evidence of anyone inside the Subway store at the time of the burglary.

The State concedes the proof does not conform to the definition of first-degree burglary. Therefore, counsel breached a duty to move for acquittal on this basis, which resulted in prejudice to Miller. *Cf. Ross*, 845 N.W.2d at 706 (finding Ross received ineffective assistance of counsel because his trial counsel failed to move for a judgment of acquittal on three counts of intimidation with a dangerous weapon with intent that were not supported by the evidence and resulted in three additional felony convictions). Miller's first-degree burglary conviction is reversed, and we remand to the district court for entry of judgment on the lesser-included offense of second-degree burglary.

### III. Prosecutorial Misconduct.

In a pro se brief, Miller also argues that the prosecutor engaged in misconduct that prejudiced him. Specifically, he alleges the prosecutor suborned perjury from an investigating officer regarding the discovery of certain evidence. Miller also alleges the prosecutor misrepresented the State's burden of proof by implying he was required to prove his innocence. Miller failed to raise these claims before the trial court and did not receive a ruling on them. Therefore, his claims are not properly before us on appeal. *See State v. McCright*, 569 N.W.2d

605, 607 (Iowa 1997) ("Issues not raised before the district court . . . cannot be raised for the first time on appeal.").

**IV. Conclusion.**

We affirm Miller's convictions and his sentences for first-degree arson, second-degree theft, and possession of marijuana. We reverse Miller's conviction of first-degree burglary and remand to the district court to enter judgment on the lesser-included offense of second-degree burglary.

**CONVICTIONS AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH DIRECTIONS.**