# IN THE COURT OF APPEALS OF IOWA

No. 16-1682
Filed July 19, 2017

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**TERENCE LONDON WALKER,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Black Hawk County, George L. Stigler, Judge.

Terence Walker challenges by writ of certiorari the denial of his motion to correct an illegal sentence. **WRIT ANNULLED.**

Mark C. Smith, State Appellate Defender, and Robert P. Ranschau, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**MULLINS, Judge.**

A jury found Terrence Walker guilty of robbery in the second degree and burglary in the second degree. In 2014, he was sentenced to indeterminate prison terms of ten years on each offense, to be served concurrently, requiring he serve a mandatory minimum of seventy percent before parole eligibility on the robbery conviction. On August 12, 2016, Walker filed a motion to correct an illegal sentence, claiming, under legislation effective July 1, 2016, his conviction—and therefore his sentence—should be for robbery in the third degree. The State resisted, and the district court denied the motion without setting it for a hearing.

Walker appealed the denial of his motion to correct an illegal sentence, arguing counsel was ineffective in not ensuring Walker had the benefit of a hearing on his motion and that denial of his motion without an evidentiary hearing was a denial of due process.[1] *See State v. Ondayog*, 722 N.W.2d 778, 784 (Iowa 2006) ("Ineffective-assistance-of-counsel claims are not bound by traditional error-preservation rules."). Our supreme court treated his appeal as a petition for writ of certiorari and granted the petition. *See State v. Propps*, ___ N.W.2d ___, ___, 2017 WL 2291380, at *3 (Iowa 2017) ("[I]f a case is initiated by a notice of appeal, but another form of review is proper, we may choose to proceed as though the proper form of review was requested by the defendant rather than dismiss the action."). Walker argues that at an evidentiary hearing he

---

[1] "Normally, ineffective-assistance-of-counsel claims are considered in postconviction relief proceedings." *State v. Vance*, 790 N.W.2d 775, 785 (Iowa 2010). When, as here, the record is sufficient to address an ineffective-assistance-of-counsel claim, we resolve the claim on direct appeal. *Id.*

would have had the opportunity to develop facts to support his motion. But his brief on appeal does not identify any facts that would have or should have been presented and cites no legal authority that the legislature's adoption of robbery in the third degree requires reduction of his robbery conviction or reduction of his sentence. His argument that he was denied due process requires—at the very least—he assert that provision of a greater process would have the potential to benefit him in obtaining his requested relief.

Pursuant to Iowa Court Rule 21.26(1)(a) and (e), we annul the writ.

**WRIT ANNULLED.**