# IN THE COURT OF APPEALS OF IOWA

No. 15-1323
Filed August 17, 2016

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**LISA ELIZABETH EVJENTH,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Johnson County, Nancy A. Baumgartner (motion to suppress), Lars G. Anderson (sentencing), and Carl D. Baker (probation revocation), Judges.

Lisa Evjenth appeals from the revocation of her deferred judgment following her plea of guilty to possession of heroin with intent to deliver, claiming trial counsel was ineffective in failing to timely file a motion to suppress. **AFFIRMED.**

Christopher J. Foster of Foster Law Office, Iowa City, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Vaitheswaran and Tabor, JJ.

**DANILSON, Chief Judge.**

Lisa Evjenth appeals from the revocation of her deferred judgment following her plea of guilty to possession of heroin with intent to deliver, claiming trial counsel was ineffective in failing to timely file a motion to suppress. We preserve the ineffectiveness claim and affirm the conviction.

On November 27, 2012, Detective Jeremy Blomgren received information from Iowa City Officer Scott Gaarde that an anonymous source, who stated she was a friend of Evjenth, reported Evjenth was using and selling heroin, "sleeping with her dealer," and helping him sell heroin from her residence located at apartment 2805 of a certain address in Iowa City. Detective Blomgren recognized Evjenth's name as having repeatedly come up on phone toll records during an ongoing federal heroin investigation. Through department of transportation records, Detective Blomgren confirmed Evjenth lived at the address given by the anonymous source. The officer also checked with the Iowa City police department for calls for service at the named apartment—there had been "multiple calls," one of the most recent occurred on November 30, 2012, and showed Evjenth involved in a domestic dispute with Ollie Mitchell, whose address was the same as Evjenth's. Detective Blomgren ran a criminal history check of Mitchell, which showed at least twenty-five prior arrests in Iowa, including several prior drug arrests.

After confirming Evjenth's residence and criminal history, Detective Blomgren asked Officer Chad Bender of Coralville and his canine to conduct a "free air sniff" of Evjenth's apartment door, which is on the ground level of a "two level multi-residential building." The December 4, 2012, canine sniff resulted in a

positive hit at Evjenth's doorway. On December 5, Detective Blomgren applied for a search warrant. A photo attached to the warrant application shows the apartment building with all exterior doorways open to an outside common walkway. A warrant was issued that date to be executed "immediately."

Detective Blomgren and other members of the Johnson County Multi-Agency Drug Task Force (JCDTF) executed the warrant on December 12, 2012. During the search of Evjenth's apartment, the JCDTF found and seized numerous small baggies of heroin, burnt spoons, and other drug paraphernalia.

Acknowledging the motion to suppress was filed beyond the time limit,[1] defense counsel sought to suppress the findings of the search warrant, contending the warrant was not supported by probable cause, and even if the warrant was valid at the time of signing on December 5, it was no longer valid when executed on December 12. Supplemental filings raised additional issues and provided additional authority.

After a hearing, the district court denied the motion as untimely. Upon a motion to reconsider, the court noted: "[I]t is unlikely, on the issues raised by the defendant, that her motion to suppress would be granted. I decline to reconsider my ruling denying Defendant's motion to suppress."

On July 31, 2014, Evjenth entered into a plea agreement in which she would plead guilty to possession of heroin with intent to deliver, judgment would be deferred, and a second count (operating a drug house) would be dismissed. On December 2, 2014, the court deferred judgment and placed Evjenth on

---

[1] Counsel wrote, "The reason is that defense counsel has only just realized the issues raised in this motion." Counsel did not assert good cause existed for the late filing, only that extending the deadline would not prejudice the State.

probation for three years. Evjenth's probation was revoked on July 31, 2015, and she now appeals.

Evjenth claims her trial counsel was constitutionally defective in failing to timely file the motion to suppress.

"The right to assistance of counsel under the Sixth Amendment to the United States Constitution and article I, section 10 of the Iowa Constitution is the right to 'effective' assistance of counsel." *State v. Fountain*, 786 N.W.2d 260, 265 (Iowa 2010). We review claims of ineffective assistance of counsel de novo. *State v. Ondayog*, 722 N.W.2d 778, 783 (Iowa 2006). "To establish a claim of ineffective assistance of counsel, the defendant must prove by a preponderance of the evidence: (1) that trial counsel failed to perform an essential duty, and (2) that prejudice resulted from this failure." *Fountain*, 786 N.W.2d at 265-66. In order to be successful, the defendant must prove both elements. *State v. Graves*, 668 N.W.2d 860, 869 (Iowa 2003).

Ineffective-assistance claims are rarely addressed on direct appeal. *Ondayog*, 722 N.W.2d at 786. "Generally, ineffective-assistance claims are preserved for postconviction relief proceedings to afford the defendant an evidentiary hearing and thereby permit the development of a more complete record." *State v. Reynolds*, 670 N.W.2d 405, 411 (Iowa 2003). Resolution of a claim on direct appeal is only proper when the record is adequate. *State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012).

We find the record here inadequate to address Evjenth's ineffectiveness claim. The record does not indicate why Evjenth entered a guilty plea, what advice counsel may have provided, and why counsel "just realized" the need to

file a motion to suppress. We also lack a record of why the warrant was not executed for seven days, and we lack a ruling on the merits of the motion to suppress if Evjenth's motion would have been heard rather than dismissed as untimely. Such a ruling could address whether the delayed search remained valid. *See State v. Trudo*, 253 N.W.2d 101, 105-06 (Iowa 1977). In the guilty-plea context, the issue is typically whether the defendant would not have pled guilty and would instead have proceeded to trial. *State v. Carroll*, 767 N.W.2d 638, 644 (Iowa 2009). Thus, defendant's ineffective-assistance claim is preserved for postconviction proceedings to enable a complete record to be developed and afford trial counsel an opportunity to respond. *See Graves*, 668 N.W.2d at 870.

**AFFIRMED.**