# IN THE COURT OF APPEALS OF IOWA

No. 16-0235
Filed April 5, 2017

**GABRIEL VASQUEZ,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

Appeal from the Iowa District Court for Scott County, Mark J. Smith, Judge.

An applicant appeals the district court's denial of his application for postconviction relief. **AFFIRMED.**

Mark C. Smith, State Appellant Defender, and Stephan J. Japuntich, Assistant Appellant Defendant, for appellant.

Gabriel Vasquez, Newton, pro se.

Thomas J. Miller, Attorney General, and Kyle P. Hanson, Assistant Attorney General, for appellee State.

Considered by Danilson, C.J., Vaitheswaran, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**SCOTT, Senior Judge.**

Gabriel Vasquez was convicted, following a jury trial, of two counts of sexual abuse in the second degree and one count of sexual abuse in the third degree related to his abuse of his daughter. He was sentenced to two twenty-five-year terms, to be served consecutively, and one ten-year term, to be served concurrently with the first two counts. He appealed his conviction, which this court affirmed. *See State v. Vasquez*, No. 10-0085, 2011 WL 2089778, at *5 (Iowa Ct. App. May 25, 2011). The facts of the case are adequately outlined in our prior appellate decision and need not be repeated here. *See id.* at *1–2. Following his appeal, Vasquez filed an application for postconviction relief (PCR), which the district court denied after holding an evidentiary hearing. Vasquez now appeals the district court's denial of his PCR application.

Through counsel, Vasquez challenges the district court's determination he failed to prove trial counsel was ineffective in failing to move to suppress the video of his confession based on promissory leniency and trial counsel was ineffective in not requesting a limiting instruction on the use of the video. Counsel also claims the PCR court erred in not addressing all of Vasquez's pro se claims. Vasquez also filed a pro se appellate brief in this matter, asserting the PCR court should have granted him relief because his trial counsel was ineffective in not moving to suppress the video of his confession based on promissory leniency and a lack of voluntariness, the PCR court erred in denying his claim that his trial counsel was ineffective in not securing the complaining witness's mental health records, the PCR court erred in not considering his claim of prosecutorial misconduct, and his PCR trial counsel was ineffective in the

preparation and presentation of his PCR action resulting in structural error.  We will address each claim in turn.

## I.  Police Interview Video.

During trial, the State played for the jurors a portion of the police interview video wherein Vasquez admits to the conduct alleged by the complaining witness.  The parties disputed the admissibility of this video during the criminal proceedings and in the prior appeal, and this court determined the district court correctly denied Vasquez's motion to suppress the video, which was based on the police officer's failure to give Vasquez *Miranda* warnings.  *Id.* at *2–3.  We held:

> [W]e concur in the district court's conclusion that a reasonable person in Vasquez's position would not believe he was in custody. Vasquez was informed he was not under arrest, that he was free to leave, and that he would be able to return to work.  He drove himself to the police station and drove back to work after the interview.  Because he was not in custody, there was no requirement that *Miranda* warnings be given.

*Id.* at *3.  Vasquez also claimed in the prior appeal that the statements he made in the video should have been suppressed because they were not voluntary but were made "in exchange for a promise of custodial leniency."  *Id.*  Because this claim was not made in the motion to suppress and was not addressed by the district court, we determined the claim was not preserved for our review.  *Id.*

In this appeal from the court's denial of his PCR application, Vasquez claims the court erred in concluding he failed to prove his claim that his trial counsel was ineffective in not seeking to suppress his statements in the video based on promissory leniency.  He also claims his trial counsel should have requested a jury instruction directing the jury that they could only consider

Vasquez's statements on the video, not the questions or statements by the interviewing officer. Finally, in his pro se brief, Vasquez claims the video should have been suppressed because he was in custody and he was not given the *Miranda* warnings.

**A. Limiting Instruction.** Vasquez first contends his attorney was ineffective in not requesting a limiting instruction during trial that would have advised the jury that the interviewing officer's statements and questions should not be considered for their truth. This claim was not presented to the PCR court, and therefore, it is not preserved for our review. *See Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." (citation omitted)). Vasquez does not contend PCR counsel was ineffective in failing to raise this claim during the PCR trial. *See State v. Ondayog*, 722 N.W.2d 778, 784 (Iowa 2006) (noting ineffective-assistance claims "are an exception to normal error-preservation rules").

However, even if we were to find this claim preserved for our review, we conclude trial counsel's failure to request such a limiting instruction would not have resulted in this case being remanded for a new trial. To be successful on this ineffective-assistance claim, Vasquez must prove both that counsel failed to perform an essential duty and that this failure resulted in prejudice. *See id.* The prejudice element requires a finding of "a reasonable probability" that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (citations omitted). Having reviewed the evidence in this case, including the testimony of the complaining witness and the police interview video,

we are not convinced that the result of the proceeding would have been different if a limiting instruction had been given with regard to the interviewing officer's statements. Thus, even if PCR counsel had made a claim that trial counsel was ineffective in failing to request a limited instruction, that claim would have been unsuccessful.

**B. Promissory Leniency.** Next, Vasquez contends counsel was ineffective in failing to move to suppress the police interview video on the basis that the interviewing officer used promissory leniency to elicit his confession.

> "[C]ourts and commentators have long recognized promises of leniency can induce false confessions leading to wrongful convictions of the innocent." We reiterated that a "confession can never be received in evidence where the prisoner has been influenced by any threat or promise." In *State v. Mullin*, we asked: "Were the statements made to the accused strong enough so that it could in reason be determined that the prisoner would lie and say he was guilty when he was not, so as to gain some special favor?"

*State v. Howard*, 825 N.W.2d 32, 40 (Iowa 2012) (internal citations omitted). Vasquez asserts the interviewing officer induced his confession by telling him the officer did not believe Vasquez was a child predator. Vasquez also claims the interviewing officer induced his confession by implying the complaining witness will not get the help she needs and may harm herself if he did not admit to what happened.

In addressing this claim in its PCR ruling, the district court stated "there is no indication in the video of his interview that [the interviewing officer] in any way offered leniency in exchange for Vasquez's admissions." Upon our review, we conclude the statements Vasquez complains of in the video in no way communicated that Vasquez would be given special or preferential treatment if

he confessed to abusing the complaining witness. *See id.* (noting there must be "some fairly specific assurance or promise of leniency" that "explain[s] just how it will be better or wiser for the accused to speak" (citation omitted)). Nor did the interviewing officer give any indication that the complaining witness would not receive the help and counseling she required if Vasquez did not confess. *See id.* at 41 (noting the detective's "repeated references to getting help combined with his overt suggestions that after such treatment [the defendant] could rejoin [his girlfriend and the abused child] conveyed the false impression that if [the defendant] admitted to sexually abusing [the child] he merely would be sent to a treatment facility . . . in lieu of further punishment"). The interviewing officer informed Vasquez that he had no power but to simply record what Vasquez said in his report. We agree with the district court's assessment that no promises of leniency were made in exchange for Vasquez's confession.

**C. Voluntariness.** In his pro se brief, Vasquez also claims the police interview video should have been suppressed because his confession was not voluntary in light of the fact he was in custody and was not given the *Miranda* warnings. He asks us to adopt and apply a "ten-factor test" for determining custody and voluntariness. *See State v. Kittredge*, 97 A.3d 106, 111 (Me. 2014) (articulating ten factors the court considers in determining whether a person is in custody for the purposes of the *Miranda* warnings). As indicated above, this court on direct appeal determined Vasquez was not in custody at the time of the police interview video confession. *Vasquez*, 2011 WL 2089778, at *2–3, *2 n.2 (concluding, after analyzing four factors as required under the controlling case law, that "a reasonable person in Vasquez's position would not believe he was in

custody" and rejecting Vasquez's request to consider a fifth factor in the analysis). Because the issue of Vasquez's custodial status at the time of police interview has already been litigated and resolved in the direct appeal, we will not consider it again as part Vasquez's appeal from the denial of his PCR action. *See* Iowa Code § 822.8 (2011) ("Any ground finally adjudicated . . . in the proceeding that resulted in the conviction or sentence . . . may not be the basis for a subsequent application . . . .").

## II. Mental Health Records.

Also in Vasquez's pro se brief, he asserts the district court should have granted him a new trial based on trial counsel's failure to assert the complaining witness's submission to a medical examination by the State's expert waived any privilege the complaining witness had to her mental health records. After losing the battle to obtain the mental health records of the complaining witness at the trial court, Vasquez asserts counsel should have "relitigated the motion in limine," claiming those records would have assisted him in proving the complaining witness recently fabricated her allegations against him.

Again the admissibility of the complaining witness's mental health records was litigated and resolved on direct appeal. Vasquez asserted there "he should have been able to present evidence of statements [the complaining witness] made to medical care providers that [were] inconsistent with later statements she made to law enforcement officers." *Vasquez*, 2011 WL 2089778, at *4. We concluded the court did not abuse its discretion in ruling the records were not admissible. *Id.* We also concluded that because the evidence was not relevant to the charge, Vasquez was not deprived of his constitutional right to present a

defense. *Id.* We will not revisit this issue again on PCR. *See* Iowa Code § 822.8.

## III. PCR Court.

Counsel for Vasquez on appeal claims the PCR court erred in not addressing the pro se claims Vasquez made. However, counsel fails to inform this court what pro se claims were not addressed by the PCR court. In addition, we note if the district court failed to rule on an issue, the proper way to address the court's oversight is through a motion under Iowa Rule of Civil Procedure 1.904(2). No such motion was filed in this case; therefore, counsel's assertion that the PCR court failed to address all of the pro se claims is not preserved for our review. *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("When a district court fails to rule on an issue properly raised by a party, the party who raised the issue must file a motion requesting a ruling in order to preserve error for appeal.").

In his pro se appellate brief, Vasquez claims the PCR court failed to consider his claim of prosecutorial misconduct. He asserts the prosecutor "misrepresented her evidence to gain a favorable ruling, then played a DVD for the jury on issues she moved to exclude" and "failed to turn over her report from Dr. Harre until after she won the limine motion and when [counsel for the medical provider] conceded the third-party waiver, [the prosecutor] stayed silent." Again, no posttrial motion under rule 1.904(2) was filed in this case. Therefore, Vasquez's claim that the PCR court did not rule on his claim of prosecutorial misconduct is not preserved for our review. *See id.* at 539 ("We recognize that we have repeatedly said that a rule [1.904(2)] motion is necessary to preserve

error 'when the district court *fails to resolve* an issue, claim, or other legal theory properly submitted for adjudication.'" (citation omitted)).

Even if such a claim had been preserved for our review, we conclude Vasquez failed to prove the result of the PCR proceeding would have been different had counsel filed a posttrial motion seeking a ruling on the prosecutorial misconduct claim. Vasquez has failed to prove that any of the alleged actions of the prosecutor resulted in him receiving an unfair trial. *See State v. Graves*, 668 N.W.2d 860, 869 (Iowa 2003) (noting to prove prosecutorial misconduct a defendant must show misconduct and that "the misconduct resulted in prejudice to such an extent that the defendant was denied a fair trial"). Therefore, even if PCR counsel had filed a posttrial motion to preserve the claim of prosecutorial misconduct, it would not have been successful on appeal.

## IV.  PCR Counsel.

Finally, Vasquez, in his pro se brief, asserts his PCR counsel provided ineffective assistance when counsel did not retain experts on interrogation and medical records, as he requested, and when PCR counsel did not file a posttrial motion. Vasquez asserts counsel's failures were "corrosive to the administration of justice that it constituted structural error warranting reversal." We disagree. Retaining experts to address issues of Vasquez's custodial status at the time of the police interview and of the admissibility and relevance of the complaining witness's mental health records would not have resulted in a favorable PCR ruling in light of the fact that both of these issues were barred by res judicata. *Holmes v. State*, 775 N.W.2d 733, 735 (Iowa Ct. App. 2009) ("A postconviction proceeding is not intended as a vehicle for relitigation, on the same factual basis,

of issues previously adjudicated, and the principle of Res judicata bars additional litigation on this point." (citations omitted)).

In addition, with respect to Vasquez's claim of structural error:

[S]tructural error occurs when: (1) counsel is completely denied, actually or constructively, at a crucial stage of the proceeding; (2) where counsel does not place the prosecution's case against meaningful adversarial testing; or (3) where surrounding circumstances justify a presumption of ineffectiveness, such as where counsel has an actual conflict of interest in jointly representing multiple defendants.

*Lado v. State*, 804 N.W.2d 248, 252 (Iowa 2011). A defendant does not have to prove prejudice in these circumstances because "the criminal adversary process itself is 'presumptively unreliable.'" *Id.* (citation omitted).

Our review of the record indicates PCR counsel's representation was not so grossly lacking as to result in Vasquez being "constructively without counsel during his postconviction relief proceeding." *See id.* at 253. Three different attorneys represented Vasquez through his postconviction-relief proceeding. The final attorney to represent Vasquez during PCR proceeding conducted depositions of trial counsel and submitted those depositions as evidence at the PCR trial. Vasquez made, and then withdrew, a request to represent himself at the PCR hearing. Counsel was present for trial and actively engaged in the presentation of evidence and argument to the court. Counsel examined witnesses and made sure to inquire of Vasquez whether any additional claims or evidence needed to be presented to the court. In addition, counsel ensured the court granted Vasquez additional time to present a posttrial brief regarding his PCR claims. While Vasquez was continually unhappy with all the attorneys who represented him during PCR, actively filing many pro se documents throughout

the proceeding and failing to notify his own counsel of the filings, we cannot conclude Vasquez was constructively without counsel during his PCR proceeding. Thus, his structural-error claim is denied. In addition, we conclude Vasquez has failed to establish he was otherwise prejudiced by PCR counsel's failures to preserve error as detailed herein. *See Dunbar v. State*, 515 N.W.2d 12, 14–15 (Iowa 1994) (recognizing a PCR applicant's ability to assert a claim of PCR counsel's ineffectiveness but requiring the PCR applicant to prove both counsel's failure and the resulting prejudice).

Because we agree with the district court's assessment of the claims Vasquez made in his application for postconviction relief and determine Vasquez has failed to prove PCR counsel's alleged failures resulted in his prejudice, we affirm the district court's decision.

**AFFIRMED.**