## IN THE COURT OF APPEALS OF IOWA

No. 16-2121
Filed October 25, 2017

**HUBERT TODD,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.

_____

        Appeal from the Iowa District Court for Black Hawk County, George L. Stigler, Judge.


        The applicant appeals from the summary dismissal of his application for postconviction relief. **AFFIRMED.**


        Tabitha L. Turner of Turner Law Firm, P.L.L.C., Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee State.


        Considered by Vogel, P.J., Mullins, J., and Blane, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**BLANE, Senior Judge.**

Hubert Todd appeals from the summary dismissal of his application for postconviction relief (PCR). Todd maintains the PCR court's summary dismissal of his application violated his right to due process; similarly, he claims PCR counsel provided ineffective assistance when he failed to object on due process grounds to the summary dismissal of Todd's application. Todd also claims the court's decision to dismiss the petition on the basis of res judicata was in error.

**I. Background Facts and Proceedings.**

In the underlying case,[1] Todd was charged with failure to comply with the sex offender registry. He entered a guilty plea and was sentenced pursuant to a plea agreement he reached with the State.

Todd directly appealed his conviction and sentence, and a panel of our court decided his appeal in *State v. Todd*, No. 13-0271, 2015 WL 1546348, at *4 (Iowa Ct. App. Apr. 8, 2015). One of Todd's arguments on direct appeal was that his guilty pleas were involuntary. *Todd*, 2015 WL 1546348, at *2. Our court noted Todd filed written guilty pleas that waived his right to have the district court discuss the various rights and waivers found in Iowa Rule of Criminal Procedure 2.8. *Id.* at *2. Nonetheless, the district court also engaged in an in-court colloquy with Todd in which he told the court he understood the rights he had and that he was willingly waiving those rights to plead guilty. *Id.* at *3. The court found Todd's pleas were voluntarily made. *Id.* Another one of his arguments was that

---

[1] We note that Todd originally filed this PCR application in five cases. He later agreed the court could dismiss the applications in all of the cases but the present one, case AGCR176083. Although his appellate brief lists all five case numbers, the only underlying case at issue is AGCR176083.

his trial counsel provided ineffective assistance because counsel failed "to obtain the pretrial deposition of a 'key' witness, Jeanne Brinker, the sex offender registrar in Black Hawk County during the relevant period." *Id.* at *4. He claimed that if he had known Brinker's testimony before he pled guilty, he would have decided to go to trial rather than pleading guilty. *Id.* But Brinker's testimony was not exculpatory:

> A Black Hawk County sheriff's report indicates Todd did not have a verification report for July 2010 until he was arrested in August 2010. He did call in to report he would be out of the area for a few days in November 2010. He did not report in person to the sheriff in January 2011 for the January 2011 verification. As of April 29, 2011, he had not reported in person for the April 2011 verification.
>
> Brinker testified at Todd's sentencing hearing. She testified Todd was one of the persons she dealt with in maintaining the sex offender registry in Black Hawk County and that Todd would contact her by telephone on occasion. She testified Todd called on February 12, 16, 19, 24, March 15, 19, 30, November 10, 2010, and May 12 and June 9, 2011.

*Id.* Todd's claim was found to lack merit, with the appellate court stating:

> Todd was charged with failure to make the requisite *in person* appearances to the sheriff's office. Telephone calls do not satisfy the in person requirement, and even if they did, there were no calls between November 10, 2010 and May 12, 2011. The calls Todd did make could not have possibly covered his January and April 2011 reporting requirements. Todd's argument that his trial counsel was ineffective for not taking a pretrial deposition of Brinker lacks merit.

*Id.* at *5.

Todd filed his application for PCR in September 2015, alleging his guilty plea was involuntary. Todd later filed an application to take depositions of two witnesses at the State's expense: Jeanne Brinker and Dawn Long. The State resisted, and the court set a date to hear the matter.

In December 2015, at the hearing on the issue on whether Todd could proceed with depositions, the court began by noting that Todd's application stated he was forced to plead guilty and that the appellate court had already decided his pleas were voluntary. Todd's PCR counsel then told the court:

> The only issue we wished to present was th[at] trial counsel failed to investigate and present testimony of witnesses who would show that there was—there were mistakes made in the underlying case that involved allegations of a person of a similar name, but not Mr. Todd that caused his—he pled guilty based upon his attorney not investigating those witnesses. Those witnesses being the ones named in our request for depositions that's really our claim.

The State pointed out that Todd had argued on direct appeal that his trial counsel was ineffective for failing to depose Brinker before she appeared at his sentencing hearing, and the appellate court had already decided that claim as well. Todd's PCR counsel then indicated there may be more to the claim than Todd originally presented, noting:

> What he believes to be true, and there is some evidence that I have received, that's why I was—I don't have enough because I would like to have Dawn [Long] testify, that the issues of his failing to register and comply with that were confused with his nephew's case.

PCR counsel continued: "He believes—there's some reason to believe even in the minutes of testimony, I believe there is some reference. One is a document referring to his nephew, not him."

After the State again advised the court that it believed Todd was "making the same arguments, just a different approach," PCR counsel stated:

> Your Honor, I may be incorrect, Your Honor, but it's my recollection [Brinker's] testimony was at sentencing, not at the time of the plea and that is why we're saying the plea was ineffective because [Todd] wouldn't have pled had his attorney done this work

ahead of time and he would have gone to trial.  That's really the distinction.

The court then read aloud from the court of appeals opinion and concluded, "That to my estimation, [PCR counsel], concludes this matter."

Todd's PCR counsel did not indicate Todd's current claim was different than what the court of appeals already decided but rather stated he believed that Brinker was not the only person involved with the reporting office and Long[2] may have other information about the time period.  Todd interjected:

> Your Honor, I was reporting.  I was reporting.  My point is they have records now that show that I was reporting.  They have records in the file right now at the jail.  If you call the jail have them bring my nephew's file and my file.  You will see that I never failed one time to come in here, not once.
> . . . .
> The charge was [sic] never been filed if they didn't mix my paperwork up in the first place.

The court asked Todd what evidence he had to support his claim, and Todd stated the evidence "is my trial information," which neither he nor PCR counsel had with them.

> The court responded:

> Yeah.  I'm going to need that otherwise I am going to dismiss this thing.  Because they have already decided this case against you on appeal, Mr. Todd.  You don't get to come in and say that the Court of Appeals was wrong.
> . . . .
> . . . [I]f you can find something in that—in the minutes of evidence in AGCR176083, I will certainly consider it.  But otherwise I'm going to grant the State's motion to dismiss all of these cases.[3]

---

[2] Throughout the hearing, PCR counsel referred to the second person they wished to depose as Dawn Wilson.  We presume Dawn Wilson and Dawn Long—the person named in the original application to take depositions—are the same person.
[3] The State moved orally for Todd's application to be dismissed after the court noted it believed the claim in Todd's application was barred by res judicata.

PCR counsel agreed to file within one week anything "that will justify [Todd's] claim that maybe the sheriff's office . . . confused him with this nephew."

We have no record of PCR counsel filing anything after the hearing, but the court's written ruling indicates it reviewed some evidence.[4] In the ruling, the court stated:

> These matters were thoroughly dealt with by the Court of Appeals in its decision filed on April 8, 2015. The court ruled against Mr. Todd on each and every one of the allegations he is now raising. His sole supplementation is that allegedly in the minutes of evidence the State confused his failure to register with the failure to register of his nephew. The items pointed out to [the court] by the applicant in the minutes of evidence reflect the only statements concerning the nephew is the nephew lived at a certain address, the same address that apparently Todd lived at.

The court then dismissed Todd's application for PCR.

He appeals.

## II. Discussion.

Todd claims the PCR court violated his constitutional right to Due Process when it dismissed his application for PCR without "providing notice" or "an opportunity to prepare." Todd did not raise a due process objection[5] to the PCR court at the time of the hearing, so this argument has not been preserved for our review. *See State v. Evans*, 671 N.W.2d 720, 724 (Iowa 2003) ("Issues not

---

[4] In its appellate brief, the State claims that PCR counsel filed a report to the court on December 5, 2016, attached to the minutes of testimony from Todd's underlying criminal case. The docket lists no such filing, and neither the report nor the minutes of testimony have made it into the record before us.

[5] The statements of his PCR counsel that Todd cites in his appellate brief as preserving his claim are neither objections nor comments about due process. It takes more to preserve a claim for appellate review. *See State v. Ambrose*, 861 N.W.2d 550, 555 (Iowa 2015) (stating error-preservation rules are important because error preservation affords the district court an opportunity to avoid or correct error as well as providing the appellate court with an adequate record in reviewing errors purportedly committed).

raised before the district court, including constitutional issues, cannot be raised for the first time on appeal." (citation omitted)).

Next, Todd maintains PCR counsel was ineffective for not objecting to the PCR court's dismissal of his application after the court brought up the issue of res judicata at a time and date set only to determine if Todd should be allowed to take depositions at the State's expense.[6]

Pursuant to the second paragraph of Iowa Code section 822.6 (2015):

> When a court is satisfied, on the basis of the application, the answer or motion, and the record, that the applicant is not entitled to postconviction relief and no purpose would be served by any further proceedings, it may indicate to the parties its intention to dismiss the application and its reasons for dismissal. The applicant shall be given an opportunity to reply to the proposed dismissal. In light of the reply, . . . the court may order the application dismissed . . . .

Here, the PCR court followed the procedure contemplated by the rule. Although it was at a hearing to determine whether Todd would be allowed to take depositions, nonetheless, the court informed Todd that it intended to dismiss his petition on the grounds of res judicata unless Todd could reply—either at the hearing or later with the filing of his evidence—in such a way that convinced the court Todd's claims had not already been decided by this court. In light of Todd's reply, the court determined the issues were the same, and dismissed the petition. In such a case, the court may summarily dismiss the application; no hearing on the merits is required. *See Manning v. State*, 654 N.W.2d 555, 559 (Iowa 2002) ("As is apparent from this language, two methods are available for disposition of

---

[6] Claims made under the ineffective-assistance framework are an exception to error-reservation rules. *State v. Ondayog*, 722 N.W.2d 778, 784 (Iowa 2006). Although we generally review postconviction proceedings for errors at law, we review constitutional claims of error de novo. *See Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001).

postconviction relief applications without a trial on the merits. The first method, found in paragraph two [of section 822.6], allows for such disposition *on the court's initiative*, and entitles the applicant to notice of the court's intention to dismiss the application and its reasons for dismissal.").

Because the court was within its statutory rights when it informed the parties it intended to dismiss Todd's application, PCR counsel's objection to the process would have been without merit. Counsel has no duty to pursue a meritless objection, so Todd's claim of ineffective assistance fails. *See State v. Schaer*, 757 N.W.2d 630, 637 (Iowa 2008).

Finally, Todd maintains the PCR court's determination his PCR claims were the same as those decided by this court on direct appeal was in error. Iowa Code section 822.8 provides, in part:

> Any ground finally adjudicated . . . in the proceedings that resulted in the conviction or sentence, or in any other proceeding the applicant has taken to secure relief, may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application.

In his direct appeal, Todd claimed both that his plea was involuntary and that his counsel was ineffective for failing to adequately depose the registrar. Both claims were decided against him by this court. *See Todd*, 2015 WL 1546348, at *5. The only difference in his PCR action was Todd's assertion that he now wanted to depose both the former registrar, Brinker, and her replacement, Long. Todd's PCR counsel stated he hoped to depose Long because she worked for the sheriff's office after Brinker retired. But as the PCR court stated, "It doesn't matter. The records are what the records are no matter whether Ms. Brinker is

still there or not." Todd's attempt to differentiate his PCR claim that counsel was ineffective for failing to depose the registrar as different than his direct appeal claim that counsel was ineffective for failing to depose the registrar was unsuccessful; Todd only produced a document that was available to him before he initially pled guilty.

Although Todd continues to claim his PCR claim is a "new" claim of ineffective assistance, the record belies his assertion. The statute is clear—"[r]elitigation of previously adjudicated issues is barred." *State v. Wetzel*, 192 N.W.2d 762, 764 (Iowa 1971). "A postconviction proceeding is not intended as a vehicle for relitigation, on the same factual basis, of issues previously adjudicated, and the principle of [r]es judicata bars additional litigation on this point." *Id.* (citation omitted).

We agree with the district court; Todd's claim trial counsel was ineffective for failing to depose the registrar before he pled guilty has already been decided and is barred from further litigation.

For all the foregoing reasons, we affirm the district court's summary dismissal of Todd's application for PCR.

**AFFIRMED.**