# IN THE COURT OF APPEALS OF IOWA

No. 18-0578
Filed January 9, 2019

**KEISHA L. MAGEE,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

Appeal from the Iowa District Court for Black Hawk County, David P. Odekirk, Judge.

Keisha Magee appeals the denial of her application for postconviction relief.
**AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Ashley Stewart, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee State.

Considered by Tabor, P.J., and Mullins and Bower, JJ.

**BOWER, Judge.**

Keisha Magee appeals the denial of her application for postconviction relief (PCR) claiming PCR counsel committed two structural errors in her case. She alternatively claims she was provided ineffective assistance of counsel. We find Magee has not established structural error occurred during the postconviction trial and her ineffective-assistance claims brought on appeal for the first time should be asserted in a separate application.

## I.      Background Facts & Proceedings

In the early morning hours of September 29, 2013, Magee went to a friend's home believing her paramour, John Bass, was on the premises. Magee had a history of assaulting Bass, and a no-contact order was in place protecting Bass from Magee. The friend indicated Bass was not at the house and then allowed Magee in to use the restroom. Magee had been drinking and using illegal substances that evening. Magee found Bass in an upstairs room. They went downstairs and argued. Magee punched Bass. Magee then went to the kitchen, got a knife, and stabbed Bass in the chest in front of two witnesses. Bass died from the wound.

Magee turned herself in at the police station later that day. She was highly emotional and was sent to the hospital for the night when she exhibited breathing difficulties.

In November, the State charged Magee with first-degree murder. Magee entered into a plea agreement with the State and pleaded guilty to second-degree murder on April 4, 2014. Magee waived her presentence investigation report and requested immediate sentencing. She was sentenced to the statutory

indeterminate sentence of not more than fifty years imprisonment with a mandatory minimum of thirty-five years. She did not appeal.

On June 25, 2014, Magee filed an application for PCR counsel but no application for PCR. She was appointed counsel on July 3, and different counsel was appointed on November 17, for reasons unrelated to Magee's case. A Iowa Rule of Civil Procedure 1.944 notice of dismissal was generated on July 21, 2015. An application for PCR was filed December 18, 2015, along with a renewed request for counsel. The application alleged Magee "was not in [the] right state of mind to make [a] decision on any plea agreement." Magee's requested relief was to renegotiate her plea deal or for a new trial to present new evidence.

On January 7, 2016, the court dismissed the action by operation of rule 1.944, but PCR counsel filed a motion to reinstate the petition, which was granted on February 5, 2016. Trial was scheduled and rescheduled several times, finally taking place on January 16, 2018. Magee appeared by phone and testified. Magee's trial counsel also testified. The district court denied Magee's application for PCR on March 29. She appeals.

## II.      Standard of Review

We generally review postconviction proceedings for correction of errors at law. Iowa R. App. P. 6.907; *Moon v. State*, 911 N.W.2d 137, 142 (Iowa 2018). However, a PCR application alleging ineffective assistance of counsel raises a constitutional claim, and our review is de novo. *Moon*, 911 N.W.2d at 142.

### III.    Analysis

Magee does not allege any legal error by the court or appeal any of the issues raised and decided in the PCR action.[1]  Her claims on appeal relate to the performance of PCR counsel, who Magee claims provided ineffective assistance. In particular, Magee claims counsel failed to investigate and present evidence and expert testimony regarding her mental health.  Magee categorizes the errors as structural and if not structural errors then as general ineffective-assistance-of-counsel claims.

**A.    Structural error.**  A structural error arises when counsel's error affects the trial's framework.  *Krogmann v. State*, 914 N.W.2d 293, 313 (Iowa 2018).  Iowa courts recognize three types of structural error:  "(1) counsel is completely denied, actually or constructively, at a crucial stage of the proceeding; (2) where counsel does not place the prosecution's case against meaningful adversarial testing; or (3) where surrounding circumstances justify a presumption of ineffectiveness, such as where counsel has an actual conflict of interest."  *Lado v. State*, 804 N.W.2d 248, 252 (Iowa 2011); *see also Weaver v. Massachusetts*, 137 S. Ct. 1899, 1908 (2017) (categorizing error as structural when the right at issue protects an interest other than from erroneous conviction, when the effects of the error are too hard to measure, and when the error always results in fundamental unfairness).  Structural error may render the underlying proceeding

---

[1]  Magee's PCR application requested to withdraw her plea, claiming she was not in the right state of mind to decide on a plea agreement, supported by her change in medication and a mental-health appointment.  At her plea hearing, Magee told the court she was on prescription medication meant to help her understand what was going on and what she was doing.

"so unreliable the constitutional or statutory right to counsel entitles the defendant to a new proceeding without the need to show the error actually caused prejudice." *Lado*, 804 N.W.2d at 252. We look at the type of structural error presented in the case and its effect on the fairness of the criminal proceedings to determine if prejudice must be shown. *Krogmann*, 914 N.W.2d at 324 (finding an unlawful total freeze of assets impairing the defendant's ability control his defense was presumptively prejudicial). *But see Weaver*, 137 S. Ct. at 1908 (noting not all structural errors "lead to fundamental unfairness in every case").

The first structural error Magee alleges is her PCR counsel failed to investigate and present evidence on her mental illness. She argues this failure constitutes a failure to prepare or present evidence of her claims in a meaningful adversarial context. Magee claims counsel, despite requesting medical records and meeting with past treating physicians, did not complete even a minimal investigation.

Magee testified at length during the PCR hearing. She testified as to her history of mental-health problems, the effects of her medications and other controlled substances, and differences in her general actions and reactions when medicated and not on her medications. During the PCR hearing, she asked if PCR counsel had mailed consent forms, which PCR counsel confirmed.

PCR counsel also cross-examined Magee's trial counsel. Trial counsel stated Magee had lucid recall and their interactions provided no concerns as to Magee's competency. Trial counsel stated he did not see a mental-health, insanity, or diminished-responsibility defense succeeding. Upon questioning, trial counsel discussed the difficulty of asserting a diminished-capacity or intoxication

defense in the county. PCR counsel obtained an admission from trial counsel that Magee's mental health had not been investigated thoroughly and trial strategy and defenses were not discussed, which trial counsel attributed to Magee's desire to settle the case. PCR counsel did not submit any medical records into evidence at trial.

Based on this record, we are unable to determine if PCR counsel failed to adequately investigate Magee's mental state at the time she pleaded guilty. The transcript indicates some sort of consent form changed hands between Magee and PCR counsel. We have no way to determine if PCR counsel requested records and chose not to introduce them for strategic purposes, or if the records were never requested. The failure to request Magee's mental-health records when her mental health is the basis of her claim could constitute a breach of duty, but we also recognize the possibility the records might not support Magee's claims and counsel may have made a strategic decision to not offer the records into evidence.

Magee's allegations on appeal that PCR counsel failed to investigate or present evidence in support of her claim lacks sufficient evidence of lack of action to overcome the presumption of counsel's performance falling within the range of reasonable professional assistance. *See State v. Ondayog*, 722 N.W.2d 778, 785 (Iowa 2006). Magee has not established structural error in her PCR trial based on PCR counsel's failure to investigate.

The second structural error Magee alleges is PCR counsel's failure to present an expert to establish her guilty plea was involuntary due to her mental health. PCR counsel did not file any motion with the court to appoint an expert witness at the State's expense. As above, we have no way to determine if this

was a failure to investigate or a reasoned decision based on Magee's medical records. We do not find this potential error would have rendered the entire proceeding constitutionally unfair. This claim does not fall within the narrow rubric of structural error.

**B.    General ineffective assistance of counsel.**  As an alternative to structural error, Magee asserts a standard ineffective-assistance-of-counsel claim. The ineffectiveness of PCR counsel is a new claim on appeal with no testimony or evidence in the record relating to any investigation counsel may or may not have done, any resulting strategy or failure to present evidence, or an identified expert and the evidence the expert would have presented. The issue raised in this appeal was not raised and decided by the district court. Magee has not established an undisputed breach of duty by postconviction counsel. We find Magee's claim of ineffective assistance of PCR counsel falls within the category of claims to be asserted in a separate application for PCR. *See Goode v. State*, ___ N.W.2d ___, ___, 2018 WL 6004877, at *5 (Iowa 2018) (holding claims of ineffective assistance of PCR counsel made for the first time on appeal should be asserted in a separate application rather than addressed by the district court on remand).

**AFFIRMED.**