# IN THE COURT OF APPEALS OF IOWA

No. 19-0305
Filed April 29, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**BRIAN McCONNELEE,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Buchanan County, Andrea J. Dryer,

Judge.

A defendant challenges his attorney's performance at a resentencing

hearing. **AFFIRMED.**

John J. Bishop, Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney

General, for appellee.

Considered by Tabor, P.J., and Mullins and Schumacher, JJ.

**TABOR, Presiding Judge.**

Once again Brian McConnelee challenges his prison sentence for seven crimes, including five counts of drug possession and two counts of operating while intoxicated (OWI). Our court vacated his original sentence because defense counsel did not object to the prosecutor's breach of the plea agreement. *State v. McConnelee*, No. 17-1696, 2018 WL 4923118, at *4 (Iowa Ct. App. Oct. 10, 2018). On remand, the district court imposed a sentence of incarceration not to exceed seven years. McConnelee appeals that new sentence, alleging his attorney should have asked for an updated presentence investigation (PSI) report.

Because the record is not adequate to determine whether counsel made a tactical decision or if the absence of an updated report was prejudicial, we affirm the sentencing order but preserve the ineffective-assistance claim for potential postconviction-relief (PCR) proceedings.

## I. Prior Proceedings

At issue are seven convictions arising from three different trial informations.[1] McConnelee committed the crimes in June and September 2016. After reaching a bargain with the State, he entered guilty pleas in September 2017. That plea bargain tied the State's sentencing proposal to the recommendation in the PSI. Here's how the prosecutor described the deal at the plea hearing: "[T]he State is going to ask for at least a five-year prison sentence imposed. However, [if] the PSI recommends any consecutive sentences or anything higher than the five years, the State will follow the recommendations of the PSI."

---

[1] If any underlying facts are relevant, we will discuss them in our analysis of the resentencing.

The department of correctional services (DCS) issued the PSI report in mid-October. The PSI recommended an indeterminate twelve-year prison term. At the first sentencing hearing, the State recommended the terms for all seven charges run consecutively for a total of eighteen years. Because that recommendation exceeded the State's promise in the plea bargain, we remanded for resentencing. *McConnelee*, 2018 WL 4923118, at *4

Before resentencing occurred, McConnelee's new attorney filed a "denial and refutation of allegations in the presentence investigation report." The filing pointed to three inaccuracies in the PSI. First, it clarified McConnelee had a valid driver's license in 2016. Second, it sought to strike references to a 2003 methamphetamine case later dismissed. And third, it provided updates about McConnelee's substance-abuse treatment, self-employment, housing, and family support. Defense counsel raised those same issues at the resentencing hearing. In asking for a suspended sentence, counsel insisted: "We are just asking the court to truly recognize what he has done in the last 16 months because it is prosocial, appropriate, law abiding."

For its part, the State asked the court to follow the recommendations in the PSI, which the DCS completed sixteen months earlier. The prosecutor urged: "He certainly earned a spot in prison not once, not twice, but for three separate and unrelated incidents that come before the court for sentencing today."

The district court recognized McConnelee's progress with his addiction but still sentenced him to an indeterminate seven years in prison. The court noted the two OWI offenses were "of particular concern" in framing the overall sentencing

scheme. McConnelee appeals that sentence, alleging counsel was ineffective for not seeking an updated PSI.

## II. Scope and Standard of Review

We review McConnelee's claim de novo because it invokes the constitutional right to effective assistance of counsel. *State v. Lopez*, 907 N.W.2d 112, 116 (Iowa 2018).

To prevail, McConnelee must show his counsel breached an essential duty and prejudice resulted. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). He has the burden to prove both prongs by a preponderance of the evidence. *See State v. Hopkins*, 860 N.W.2d 550, 556 (Iowa 2015).

## III. Analysis

McConnelee asks for a third sentencing hearing—this time with an amended PSI. He argues defense counsel breached a material duty in not demanding that the DCS update the document that the State relied on for its sentencing recommendation. That breach, he contends, prejudiced his chances for a more favorable sentence.

As a general practice, we preserve claims of ineffectiveness for PCR proceedings.[2] *Id.* That practice allows counsel to explain her actions and to address any tactical decisions. *See State v. Ondayog,* 722 N.W.2d 778, 786 (Iowa 2006). A more developed record also helps decide whether counsel's omission was prejudicial. *See Hopkins*, 860 N.W.2d at 557.

---

[2] Because McConnelee appealed before July 1, 2019, we may address his claim on direct appeal if the record permits. *See State v. Trane*, 934 N.W.2d 447, 464 (Iowa 2019) (discussing effective date of Senate File 589 revising Iowa Code section 914.7(3) (2019)).

The State believes we can reject the ineffective-assistance claim on direct appeal. It highlights the actions taken by counsel at the 2019 sentencing to point out the deficiencies in the PSI and to cast her client in the best light. The State also maintains a new PSI would not have altered the district court's sentencing analysis, especially the consecutive terms imposed for the two OWI offenses.

Granted, defense counsel did not "blindly agree to the now sixteen-month-old PSI's contents." But we are less concerned with the defense arguments at the resentencing and more concerned with the nexus between the PSI recommendations and the State's plea agreement. If the PSI recommended more than five years' incarceration (in other words any consecutive sentences) the State was free to make a higher sentencing recommendation. Without an updated PSI, neither the parties nor the court had a more relevant recommendation from the DCS. The outdated PSI emphasized McConnelee was "not a productive member of society." It also hinged its recommendation on the 2003 conviction that was reversed. If that inaccurate information was redacted, the PSI recommendation may have changed.

So what was counsel's duty? As *Hopkins* noted, "There is no statutory requirement for a district court to order a new PSI report on resentencing." *Id.* at 556 (citing Iowa Code § 901.2 (2011)). "At the same time, there is no statutory prohibition against ordering an updated PSI report." *Id.* The call was a tactical one. *Id.* McConnelee may have benefitted from an updated PSI or maybe not. But counsel had a duty to make that assessment. *Id.* As in *Hopkins*, we cannot tell on our record if that assessment occurred.

How about prejudice? We recognize the resentencing court was not bound to follow the PSI sentencing recommendation. *See State v. Headley*, 926 N.W.2d 545, 552 (Iowa 2019). And indeed, the resentencing court's overall length of sentence came in below the PSI recommendation. But the State asked the court to follow the PSI and mentioned that document at least one dozen times in making its resentencing recommendation. The record is not adequate to assess whether an updated PSI would have had a reasonable probability of influencing the resentencing court to impose a more lenient sentence. Like our supreme court in *Hopkins*, we decline to address the claim of ineffective assistance of counsel on direct appeal. *See* 860 N.W.2d at 557. McConnelee may raise the claim in PCR if he pursues that route.

**AFFIRMED.**