# IN THE COURT OF APPEALS OF IOWA

No. 19-1393
Filed October 6, 2021

**DAVID ERROL WILLOCK,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

Appeal from the Iowa District Court for Black Hawk County, Bradley J. Harris, Judge.

David Willock appeals the dismissal of his second application for postconviction relief. **AFFIRMED.**

Jennifer Bennett Finn of Pelzer Law Firm, LLC, Estherville, for appellant.

Thomas J. Miller, Attorney General, and Katie Krickbaum (until withdrawal) and Kevin Cmelik, Assistant Attorneys General, for appellee State.

Considered by Schumacher, P.J., and Vogel and Doyle, S.J.J.*

*Senior judges assigned by order pursuant to Iowa Code section 602.9206 (2021).

**VOGEL, Senior Judge.**

David Willock appeals the denial of his second petition for postconviction relief (PCR). We described the extensive factual and procedural history surrounding his convictions in our decision on his first PCR petition. *See Willock v. State*, No. 13-0997, 2014 WL 7343215, at *1–5 (Iowa Ct. App. Dec. 24, 2014). Briefly, in 2003 Willock was convicted and sentenced for kidnapping in the first degree, burglary in the first degree, and robbery in the first degree. He appealed, and after a retrial we affirmed his convictions. *Id.* at *3 (citing *State v. Willock*, No. 07–1200, 2008 WL 783372, at *3–4 (Iowa Ct. App. Mar. 26, 2008)). Procedendo on this final direct appeal issued June 2, 2008.

On May 15, 2008, Willock filed his first PCR petition. After a PCR trial, the district court denied his petition. We affirmed the denial on appeal. *Id.* at *13. Procedendo on his first PCR appeal issued November 25, 2015. On May 1, 2019, Willock filed his second PCR petition, at issue here. On the State's motion, the court dismissed his entire petition. He now appeals.

"Generally, we review a grant of a motion to dismiss a PCR petition for correction of errors at law." *Allison v. State*, 914 N.W.2d 866, 870 (Iowa 2018). "But when a PCR petitioner claims ineffective assistance of PCR counsel, our review is de novo." *Id.* "A motion to dismiss should be granted only when there is no conceivable state of facts that might support the claim for relief." *Id.* at 892.

First, Willock claims his first PCR counsel was ineffective for failing to argue Willock was not present during a discussion between the trial court and trial counsel regarding a jury question. The second PCR court dismissed this claim as untimely. *See* Iowa Code § 822.3 (generally requiring a PCR application to be

filed within three years of issuance of procedendo). Willock asserts his claim is timely because his current claim that his prior PCR counsel was ineffective allows his second PCR petition to relate back to the time he filed his first PCR petition.[1] *See Allison*, 914 N.W.2d at 891. This relation-back argument is not preserved for our review because the PCR court from which this appeal stems did not rule on this argument. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal."). Furthermore, even if his relation-back argument were preserved for our review, the second PCR petition must be "filed promptly after the conclusion of the first PCR action." *Allison*, 914 N.W.2d at 891. Willock's second PCR petition was not "promptly filed" because more than forty months passed between procedendo on the first PCR action and the filing here. *See Johnson v. State*, No. 19-1949, 2021 WL 210700, at *3 (Iowa Ct. App. Jan. 21, 2021) (collecting cases considering when a petition is "promptly filed").

Second, Willock claims actual innocence, which is subject to the same three-year limitation in section 822.3. *See Dewberry v. State*, 941 N.W.2d 1, 5 (Iowa 2019). Willock attempts to overcome this limitation by asserting his actual-innocence claim is based on newly discovered evidence. *See* Iowa Code § 822.3

---

[1] An amendment to section 822.3 states, "An allegation of ineffective assistance of counsel in a prior case under this chapter shall not toll or extend the limitation periods in this section nor shall such claim relate back to a prior filing to avoid the application of the limitation periods." This amendment took effect July 1, 2019, after Willock filed his second PCR petition but before the PCR court issued its decision. *See* 2019 Iowa Acts ch. 140, § 34. Because we find error was not preserved, we do not reach the State's argument the 2019 amendment barred his relation-back argument.

(stating the three-year limitation "does not apply to a ground of fact or law that could not have been raised within the applicable time period"). Specifically, Willock claims he recently discovered two video-taped police interviews made during the 2002 criminal investigation—referred to during the criminal trial as State's exhibits 72 and 73A. He further claims these videos would be exculpatory but they were never provided to him and are currently missing. However, as the PCR court noted, the criminal trial court admitted into the record a memorandum explaining exhibits 72 and 73A were played in whole or in part during trial but were not permitted into the jury room for deliberations. This memorandum establishes the videos were known to Willock at the time of the criminal trial and are not newly discovered evidence. Without newly discovered evidence, Willock's actual-innocence claim also fails as untimely.

Third, Willock argues his second PCR trial counsel committed structural error by failing to properly argue his PCR claims.

> [S]tructural error occurs when: (1) counsel is completely denied, actually or constructively, at a crucial stage of the proceeding; (2) where counsel does not place the prosecution's case against meaningful adversarial testing; or (3) where surrounding circumstances justify a presumption of ineffectiveness, such as where counsel has an actual conflict of interest in jointly representing multiple defendants.

*Lado v. State*, 804 N.W.2d 248, 252 (Iowa 2011). Willock's second PCR trial counsel attended the hearing on the State's motion to dismiss, conferred with Willock during the hearing, and fully presented Willock's arguments. Even though counsel acknowledged some of Willock's arguments are "probably not . . . timely," counsel presented all of Willock's arguments while focusing on the actual-innocence claim, which could be timely based on the claim of newly discovered

evidence. At most, his counsel made a reasonable tactical decision to focus on actual innocence as Willock's strongest claim. *See State v. Ondayog*, 722 N.W.2d 778, 786 (Iowa 2006) ("[W]e will not reverse where counsel has made a reasonable decision concerning trial tactics and strategy, even if such judgments ultimately fail." (quoting *Brewer v. State*, 444 N.W.2d 77, 83 (Iowa 1989))). Thus, we find no structural error in counsel's representation during the second PCR proceeding.

**AFFIRMED.**